# EXHIBIT A

CAUSE NO. <u>24-0118</u>

| | | |
|---|---|---|
| **TERRY BRADER AKA TERRY G.** | § | **IN THE DISTRICT COURT** |
| **BRADER and TERRY'S SEAWORTHY** | § | |
| **MARINE SUPPLY, LLC** | § | |
| | § | |
| **vs.** | § | **156TH JUDICIAL DISTRICT** |
| | § | |
| **AMERICAN EXPRESS NATIONAL BANK** | § | **ARANSAS COUNTY, TEXAS** |

### PLAINTIFFS' SECOND AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Terry Brader aka Terry G. Brader and Terry's Seaworthy Marine Supply, LLC ("Brader") filing this its Second Amended Original Petition against American Express National Bank ("AMEX") and for cause will show:

### *I.*

### *DISCOVERY*

Plaintiffs intend to conduct discovery under Roman III of the *Texas Rules of Civil Procedure*.

### *II.*

### *CLAIMS FOR RELIEF*

Pursuant to *TRCP 47*, Brader claims monetary relief of $1,000,000.00 or less and non-monetary relief.

### *III.*

### *VENUE*

Venue is proper in Aransas County, Texas because all or a substantial part of the cause of action occurred in Aransas County, Texas along with a Rule 11 Agreement arising out of a Mediated Settlement Agreement in the 343rd Judicial District Court of Aransas County, Texas.

1

**Electronically Filed**
**7/12/2024 1:18 PM**
**District Clerk, Pam Heard**
**Aransas County, Texas**
**By: Jaime Blackburn**

Copy from re:SearchTX

## IV.

## CONDITIONS PRECEDENT

All conditions precedent to the filing of this lawsuit have occurred and/or have been waived.

## V.

## BACKGROUND

1.   Brader had a credit card account with AMEX ("account").

2.   The account arose from transactions primarily for personal, family or household purposes. Namely, they were for numerous purchases on credit for things like a Sirus radio account, restaurants, gasoline, convenience store purchases, auto parts, insurance premium, vehicle repairs and tires.   The vendors include but are not limited to Stripes Convenient Store, Fats Market, Murphy's, Walmart, HEB, Discount Auto Parts, AT&T, James Avery, Hooters and USAA Insurance Premium.

### SUIT

3.   AMEX sued Brader on the account in Cause No. 16-0212 filed in the 343rd Judicial District Court of Aransas County, Texas ("suit").

### SUMMARY JUDGMENT/DENIAL

4.   On July 27, 2018 AMEX moved for summary judgment against Brader asserting that as a matter of law Brader owed them $125,638.99 on this account.

5.   Brader disputed AMEX's Motion for Summary Judgment, filed a response and *the Court denied AMEX's Motion for Summary Judgment*.   Thereafter, the Court ordered Brader and AMEX to mediate the case and attempt to resolve the dispute.

7702-008 2nd Amended Original Petition docx

Copy from re:SearchTX

## VI.

### SETTLEMENT AGREEMENT

6.       On or about March 28, 2019, Brader and AMEX settled the suit for the total *amount of $75,000.00 with no interest to be paid by **March 15, 2024*** in exchange for AMEX's agreement to not engage in post-judgment remedies or abstract an Agreed Judgment of $125,638.99 ("Agreement") .   Attached hereto as Ex. 1 is a true and correct copy of the Rule 11 Settlement Agreement.   The $75,000.00 was to be paid in small installments but sixty percent (60%) or $45,000.00 balance was to be paid on ***March 15, 2024***.   Regardless of the terms of payment, $75,000.00 was due before March 15, 2024.   Brader paid AMEX $75,000.00 before ***March 15, 2024***.   Yet, AMEX instituted post-judgment remedies on Brader before ***March 15, 2024***.   AMEX asserts that it can institute post-judgment remedies before ***March 15, 2024*** because *timely* installment payments were not made pursuant to the agreement.   *The agreement did not contain an acceleration clause* but does state *"time is of the essence for all payments"*.   However, the Agreement ***did not*** authorize AMEX to use post-judgment remedies before ***March 15, 2024***. AMEX misrepresented to the 343rd Judicial District Court on April 27, 2023 (a year before March 15, 2024) that the "Agreed Judgment" subject to the agreement was just, due, unsatisfied and no supersedeas bond had been filed. AMEX ***did not*** mention in its application for a receivership that its ability to seek post-judgment remedies before March 15, 2024 was limited by the Agreement.

### TIME IS OF THE ESSENSE

7.       The Agreement did provide that time is of the essence for all payments under the Rule 11 Settlement Agreement but, no remedy was listed if an installment payment was late or not made until March 15, 2024.   For example, if one installment payment is not made on time, it is unclear if two payments could be made the next month etc. . .   Nothing in the agreement indicates that a

3

Copy from re:SearchTX

"time of the essence provision" anyway can acceleration the maturity date from March 15, 2024.

## NO ACCELERATION OF MATURITY

8.      The Agreement contains *no acceleration clause* and specifically provides it may not be modified except by the written agreement of Brader. The omission of an acceleration clause means maturity date is March 15, 2024

## NO INTEREST

9.      Interest is defined by Black's Law Dictionary as compensation allowed by law or fixed by the parties for the use, detention or forbearance of money. The agreement entered into between AMEX and Brader provides *"There shall be no interest charged."*

## BALLOON PAYMENT

10.      Balloon payment means the final payment of principal under a balloon note commonly represents essentially the entire principal. In this case, the balloon payment was due on March 15, 2024.

## MATURITY DATE

11.      Maturity date means the date in which the obligation such as the principal of an account is due. See Black's Law Dictionary. In this case, the maturity date was March 15, 2024.

## AGREED JUDGMENT FILED PART OF SETTLEMENT AGREEMENT ENFORCEMENT LIMITED BY RULE 11

12.      As part of the Agreement, Brader and AMEX signed and entered with the Court an Agreed Judgment in Cause No. 16-0212. Attached hereto as Exhibit "2" is a true and correct copy of the Agreed Judgment presented by the parties to the Settlement Agreement. However, enforcement of the "Agreed Judgment" *was limited by AMEX and Brader's by the agreement.*

7702-008 2nd Amended Original Petition.docx

Copy from re:SearchTX

## AGREEMENT
### NOT ABSTRACT OR TAKE POST-JUDGMENT REMEDIES

13.     The agreement itself states in one sentence "Conditioned on the Defendant(s) fulfilling the payment obligations set forth below, Plaintiff agrees not to abstract the Agreed Judgment or take any post-judgment remedies".  No reference to the timeliness is made with respect not abstracting or engaging in post-judgment remedies before March 15, 2024.

14.     Therefore, according to the plain reading of the Settlement Agreement, if $75,000.00 is paid by March 15, 2024, the Agreed Judgment will not be abstracted and AMEX will not engage in post-judgment remedies.

### AFTER TIMELY FULFILLS THE PAYMENT OBLIGATION $75,000.00
### SATISFACTION OF JUDGMENT

13.     The very next sentence provides the following statement, *"After* Defendant(s) *timely* fulfills the payment obligations set forth below, Plaintiff will consider the Agreed Judgment satisfied, and file a satisfaction of judgment with the Court".

15.     The Settlement Agreement provides in pertinent part the following:

> *After Brader **timely** fulfill the payment obligations set forth below, American Express will consider the Agreement Judgment satisfied, and file a satisfaction of Judgment with the Court.*

16.     Thus, the word *"timely"* is used with respect considering the agreed judgment *satisfied*. However, the word *"timely"* is not used with respect to the right to Abstract the Judgment or take post-judgment remedies.  Additionally, the Agreement does not provide a remedy if an installment payment is not timely made to AMEX.  The word "timely" is not defined by the agreement.

17.     The Agreement ***does not*** provide AMEX can abstract or engage in post-judgment remedies before March 15, 2024 if installment payments are not made timely.

18.     These two sentences when read together do not alter the agreement that if $75,000.00 is

5

Copy from re:SearchTX

paid before March 15, 2024, *the Agreed Judgment cannot be abstracted, or any post-judgment remedies taken.*

### APRIL 27, 2023 MISREPRESENTATION TO 343ʳᴰ DISTRICT COURT

19.     On April 27, 2023, AMEX made a misrepresentation to the 343ʳᵈ Judicial District Court of Aransas County, Texas.  In particular, AMEX represented that the Agreed Judgment attached as Exhibit "2" was, "***just***, ***due***, ***unpaid***, and remains unsatisfied.  This statement is false.  AMEX further represented that no supersedes bond has been filed or approved".  AMEX did not mention that the Agreed Judgment was not due until after March 15, 2024 or limited in anyway by a Rule 11 Settlement Agreement.  This omission constitutes a material misrepresentation. *Tex. Fin. Code § 392.304(a)(8).*

### ORDER RECEIVERSHIP BEFORE MARCH 15, 2024

20.     On May 18, 2023, AMEX got the Court to grant it a Receiver based in its misrepresentation to the Court that the Agreed Judgment was due before the maturity date of March 15, 2024.  Attached hereto as Exhibit "3" is a true and correct copy of the May 18, 2023 Order Appointing Receiver, Robert E. Jenkins pursuant to CPRC 31.002.

21.     AMEX took post-judgment remedies on the "Agreed Judgment" before March 15, 2024 in breach of the March 28, 2019 Rule 11 Settlement Agreement which formed the basis of the "Agreed Judgment".

### ATTORNEY TO STOP COLLECTION

22.     Brader attempted to stop AMEX's premature collection efforts.  Attached hereto as Exhibit "4" is a June 22, 2023 letter requesting AMEX and Jenkins to dissolve receivership.

23.     AMEX refused Brader's demand and continued enforcement of the judgment despite the written agreement.  All this was done before March 15, 2024.

6

7702-008 2ⁿᵈ Amended Original Petition.docx

Copy from re:SearchTX

*FINAL PAYMENT SIX MONTHS BEFORE MARCH 15, 2024*

24.   On September 12, 2023, Brader tendered $8,500.00 per the Rule 11 Agreement dated March 28, 2019.  Attached hereto as Exhibit "5" is a true and correct copy of this tender.

25.   The tender was from Hayden & Cunningham, PLLC and stated it was in trust and made in "full and final settlement".

26.   On September 25, 2023, tender was accepted by AMEX by its negotiating and deposited the $8,500.00 check from Hayden & Cunningham, PLC.

27.   Thus, on September 25, 2023, the total amount of $75,000.00 has been paid in this Cause Number 16-0212.  The $75,000.00 was paid six (6) months before March 15, 2024.  The settlement amount had been satisfied.

*DEMAND FOR SATISFACTDION OF JUDGMENT*

28.   On September 28, 2023, Brader demanded AMEX file a satisfaction of judgment with the court.  AMEX has failed to file a satisfaction of judgment.  Attached hereto as Exhibit "6" is a true and correct copy of the September 28, 2023 demand.

### VII.

### *BREACH OF BREACH OF CONTRACT*

29.   AMEX is in breach of the Settlement Agreement by not filing a satisfaction of judgment after the total sum of $75,000.00 was paid before March 15, 2024.

30.   AMEX further breached the settlement agreement by taking post-judgment remedies before March 15, 2024.

31.   The elements of an action for breach of contract are:

(1)   There is a valid, enforceable contract;
(2)   Brader is a proper party to bring suit for breach of contract;
(3)   Brader performed, performance of contract or was excused from performing its contractual obligations;

7

7702-008 2ⁿᵈ Amended Original Petition.docx

Copy from re:SearchTX

(4)    AMEX breached the contract; and

(5)    AMEX's breach caused Brader injury.

32.    Reasserting the facts as set forth in paragraphs 1 through 26, Brader asserts a cause of action for breach of contract.

## VIII.

### TEXAS DECLARATORY JUDGMENT ACT

33.    *Tex. Civ. Prac. & Rem. Code § 37.004* is part of the Declaratory Judgment Act which provides as follows:

> *(a)    A person interested under . . . written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, or franchise may have determined any question of construction or validity arising under the instrument, . . . obtain a declaration of rights, status, or other legal relations thereunder.*

> *(b)    A contract may be construed either before or after there was a breach.*

### BRADER'S INTERPRETATION

34.    AMEX cannot abstract or take any post-judgment remedies before March 15, 2024. AMEX can only abstract or use post-judgment remedies if $75,000.00 is not paid by Brader after March 15, 2024. When AMEX represented to the 343rd Judicial District on April 27, 2023 the "Agreed Judgment" was "just, due, unpaid and remains unsatisfied", this was a false representation and in breach of the agreement.

### AMEX INTTERPRETATION

35.    AMEX can take post-judgment remedies before March 15, 2024 because the Rule 11 Settlement Agreement reads in part "After Defendant *timely* fulfill the payment obligation set forth below, Plaintiff will consider the Agreed Judgment satisfied, and file a satisfaction of judgment with the court.". The Agreement further provides "time is of the essence for all payments under this Rule 11 Settlement Agreement. AMEX asserts these sentences allow post-judgment remedies

8

Copy from re:SearchTX

before March 15, 2024 if installments made before March 15, 2024 are *"untimely"*. AMEX asserts that if $75,000.00 is paid before March 15, 2024, this fact is irrelevant.

36.     In this case, Brader asserts that the Court should adopt its interpretation that AMEX cannot abstract or take any post-judgment remedies before March 15, 2024. AMEX can only abstract or use post-judgment remedies if $75,000.00 is not paid by Brader after March 15, 2024. When AMEX represented to the 343rd Judicial District Court on April 27, 2023 the Agreed Judgment "due, unpaid and remained unsatisfied", this was a breach of the agreement and violated *Tex. Fin. Code § 392.301(a)(8)*. Brader further asserts that this act violated *15 U.S.C. § 1692e* entitled False or Misleading Representations.

## IX.

### *INTERPRETATION OF SETTLEMENT AGREEMENT*

37.     A settlement agreement that complies with Rule 11 can be enforced by the trial court after notice and a hearing. *Neasbitt v. Warren*, 105 S.W.3d 113, 117 (Tex. App.-Fort Worth 2003).

38.     When interpretating a Rule 11 Settlement Agreement, the primary objective is to ascertain and give effect to the parties intent as expressed in the instrument. *U.S. Polyco, Inc. v. Tex. Cent. Bus Lines Corp.*, 681 S.W.3d 383 (Tex. 2023). It is presumed parties intend what the words of their contract say and interpret contract language according to its plain, ordinary, and generally accepted meaning. *Heritage Res., Inc. v. NationsBank*, 939 S.W.2d 118 (Tex. 1996). Courts seek to harmonize the entire contract, avoiding constructions that would render any words or provisions meaningless. *Gilbert Tex. Constr., L.P.*, 327 S.W.3d at 126. If a contract can be given a definite or certain legal meaning, then the ambiguous and must be enforced as written. *Gilbert Tex. Constr., L.P.*, 327 S.W.3d at 133. In this case, Brader's interpretation is more reasonable than AMEX's interpretation on the following grounds:

9

Copy from re:SearchTX

* Maturity date of March 15, 2024 in document must mean something;
* There shall be no interest charge on the $75,000.00;
* Agreement did not have an acceleration clause regarding the $75,000.00;
* The lack of an acceleration clause means future installments are not due until March 15, 2024;
* This Rule 11 Settlement Agreement may be revised or modified only by a written instrument signed by all the parties and it shall be binding upon and not incur the benefit of the Plaintiff and defendant and their respective heirs, administrators, representatives, executors, successors, and assigns;
* The agreement contains no penalty if $75,000.00 is paid by March 15, 2024;
* An acceleration clause is easy; its omission must mean something; and
* The date of final payment was March 15, 2024.

### NO ACCELERATION CLAUSE
### RESTATEMENT (SECOND OF CONTRACTS § 243(3)

39.   Restatement (Second) of Contracts § 243(3) sets forth the Common Law Rule (the "Rule"):

*Where at the time of the breach the only remaining duties of performance are those of the party in breach and are for the payment of money in installments not related to one another, his breach by non-performance as to less than the whole, whether or not accompanied or followed by a repudiation, does not give rise to a claim for damages for total breach. See RESTATEMENT (SECOND) OF CONTRACTS § 243(3); accord E. ALLAN FARNSWORTH, FARNSWORTH ON CONTRACTS § 818, at 532-33 (3d ed. 2004) (There is an important exception to the general rule that a breach by nonperformance, if sufficiently serious, gives the injured party a claim for damages for total breach. If, at the time of the breach, the injured party has fully performed and the only remaining duty of performance of the party in breach is to pay money in independent installments, the failure to pay one or more installments does not amount to a total breach that will accelerate the time for payment of the balance of the debt.) This is because the injured party is not entitled to invoke the doctrine of anticipatory repudiation; instead, the injured party must award the time for performance to sue for damages. See FARNSWORTH § 8.20.*

40.   It is undisputed that the agreement lacked an acceleration clause.

41.   The lack of acceleration clause and the legal effect of not having an acceleration clause support Brader's position that post-judgment remedies cannot be used until March 15, 2024.

42.   Therefore, Brader asserts that if he breached the Settlement Agreement by not making "timely" installment payments", AMEX at most is limited to recovering damages for partial

Copy from re:SearchTX

breach. AMEX is not permitted to abstract or engage in post-judgment remedies before March 15, 2024.

*ABSURD RESULTS*

43.     The interpretation of contracts, including whether a contract or one of its terms is ambiguous, is a question of law. *U.S. Polyco, Inc. v. Tex. Cent. Bus Lines Corp.*, 681 S.W.3d 383 (Tex. 2023). Courts should read provisions of a contract harmoniously in order to give effect to all provisions. *Gilbert Tex. Constr., L.P.*, 327 S.W.3d at 126) (In interpretating contract, the court must review the contested phrases or words as part of the whole contract, rather than looking at the words or phrases separately). Contractual language is ambiguous if it is susceptible to more than one reasonable interpretation. However, true ambiguity does not exist merely because a contract can possibly be interpreted in more than one manner. Indeed, fanciful, inconsistent, and absurd interpretations of plain language are always possible. It is the duty of the trial court to prevent such interpretations. Where one interpretation of a contract would be absurd and another would be consistent with reason and probability, the contract should be interpreted in a rational manner. *Modis v. Net Matrix*, LEXIS 1952 (Tex. App.-Houston [14th Dist.] 2015).

44.     To follow AMEX's interpretation, we would lead to the absurd result of Brader paying $75,000.00 by March 15, 2024 but AMEX still taking post-judgment remedies. A condition clearly prohibited by the expressed words of the Agreement. Thus, Brader paying $75,000.00 before March 15, 2024 would be rendered meaningless.

*X.*

*FRAUDULENT, DECPTIVE OR MISLEADING REPRESENTATION*

45.     Texas law specifically says a debt collector may not use fraudulent, deceptive or misleading representation that involves the following practices:

11

Copy from re:SearchTX

(a)    *misrepresenting the character extent, or amount of a consumer debt or* **misrepresenting** *the consumers debt* **status** *in a* **judicial governmental proceeding**.

46.    In this case, that is exactly what happened. AMEX represented to the 343rd Judicial District Court that on April 27, 2024, the Agreed Judgment was just, *due*, unpaid and remained unsatisfied this amounted to a misrepresentation. AMEX further mislead the Court by asserting no supersedeas bond has been filed.

### *DTPA TIE-IN*

47.    Brader can bring a cause of action for unfair debt collection found under the *Texas Deceptive Trade Practice Act (DTPA)*. *See Tex. Fin. Code § 392.404(a)* (Establishing DTPA tie in statute under the DTPA.

48.    Because the above acts constitute violation of the *Texas Collection Practice Act (Texas Finance Code Ch. 392)*, they are all deceptive trade practices under the *Texas Deceptive Trade Practice Act (Bus. & Com. Code Ch. 17)*. Furthermore, because AMEX acts knowingly and/or intentionally, under the *Texas Deceptive Trade Practice Act (Bus. & Com. Code 17.50(b)(1)*, Brader is entitled to triple damages.

### *XI.*

### *FEDERAL DEBT COLLECTION PRACTICES*

49.    A debt collector may not use any false, deceptive or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing following conduct is a violation of this section.

(2)    *The false representation of*

(A)    *the character, amount, or* **legal status** *of any debt; or*

(10)    *The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain permission concerning a consumer.*

12

Copy from re:SearchTX

50.     In this case, AMEX violated *15 U.S.C. § 1692e* entitled False or Misleading Representation by attempting to enforce the Agreed Judgment in violation of their own Rule 11 Agreement for March 15, 2024.

## XII.

### DAMAGES

51.     As a direct result of AMEX's wrongful acts referred to in this petition, Brader has suffered damages in excess of the minimum jurisdiction limits of the Court.  In particular, Brader is out $75,000.00 which AMEX agreed to be the amount to not impose post-judgment remedies before March 24, 2021.  Instead, AMEX engaged in post-judgment remedies before March 15, 2024.  Thus, Brader is entitled to a return of his $75,000.00 paid in consideration of this agreement.  Additionally, Brader is entitled to $125,638.99 in damages that AMEX received against Brader based on its misrepresentation.  Finally, Brader is requesting that AMEX's judgment against Brader in Cause No. 16-0212 in the 343rd Judicial District Court of Aransas County be declared void and enforceable.

## XIII.

### SPECIAL DAMAGES

52.     As a further proximate result of AMEX's conduct, Brader's asserts the following incidental and consequential damages: loss credit and loss use of money by the wrongful appointment of a receivership.

## XIV.

### ADDITIONAL DAMAGES

53.     *Pursuant to Tex. Bus. & Com. Code § 17.50(b)(1)*, Brader is also entitled to treble damages as a result of AMEX's knowingly and/or intentional violations or acts.

7702-008 2nd Amended Original Petition docx

Copy from re:SearchTX

## *XV.*

### *STATUTORY MINIMUM DAMAGES*

53.    *Texas Finance Code § 392.403* provides that the Plaintiff in an act through the Texas Debt Collection Act be awarded at least $100.00 for each violation.  Brader would request this statutory minimum of damages.

## *XVI.*

### *ATTORNEY'S FEES*

54.    It was necessary for Brader to hire the law firm of Hayden & Cunningham, PLLC to represent him in bringing this cause of action against AMEX.  Therefore, Brader would request reasonable and necessary attorney's fees throughout the trial of this matter as well as reasonable and necessary attorney's fees in the event of an appeal to the Court of Appeals and/or the Texas Supreme Court.

## *XVII.*

### *PRAYER*

WHEREFORE PREMISES CONSIDERED, Brader prays that this Court accept Brader's interpretation of the agreement find AMEX liable for breach of contract, find AMEX liable under both the Texas and Federal Debt Collection Act, find that AMEX committed its acts knowingly and/or intentionally, award Brader his actual economic damages, treble damages, statutory damages, attorney fees, prejudgment and post-judgment interest, and grant it such other and further relief to which it may show itself justly entitled.

7702-008 2nd Amended Original Petition docx

Copy from re:SearchTX

Respectfully submitted,

HAYDEN & CUNNINGHAM, PLLC
Attorneys at Law
7750 Broadway
San Antonio, Texas 78209
(210) 826-7750 Telephone
(210) 822-0916 Facsimile

BY: _____

DAVID L. CUNNINGHAM
State Bar No. 00787314
dcunningham@7750law.com
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded by email on this _12th_ day of July, 2024 to the following:

Darin A. Nugent                                    Via Email: dnugent@shb.com
Shook, Hardy & Bacon, L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108-2613

Lakshmi Achari                                     Via Email: lachari@shb.com
Shook, Hardy & Bacon, L.L.P.
600 Travis St., Ste. 3400
Houston, Texas 77002-2926

_____

DAVID L. CUNNINGHAM

15

Copy from re:SearchTX

*EXHIBIT 1*

Copy from re:SearchTX

NO. 16-0212

| | | |
|---|---|---|
| AMERICAN EXPRESS NATIONAL BANK, | § § § | IN THE DISTRICT COURT |
| Plaintiff | § | 343RD JUDICIAL DISTRICT |
| v. | § § | ARANSAS COUNTY, TEXAS |
| TERRY BRADER AKA TERRY G BRADER AND TERRY'S SEAWORTHY MARINE SUPPLY, LLC, | § § | |
| Defendant(s) | | |

## RULE 11 SETTLEMENT AGREEMENT

All parties to this lawsuit have agreed to settle on the following terms:

1. The parties wish to fully resolve any dispute between them without the necessity of proceeding further with judicial process. Therefore, the parties agree to settle this matter, pursuant to the payment terms described below. The parties will approve an Agreed Judgment in favor of Plaintiff for the full amount of Plaintiff's claim, including all court costs. Conditioned on the Defendant(s) fulfilling the payment obligations set forth below, Plaintiff agrees not to abstract the Agreed Judgment or take any post-judgment remedies. After Defendant(s) timely fulfill the payment obligations set forth below, Plaintiff will consider the Agreed Judgment satisfied, *and file a satisfaction of Judgment with the court.*

2. Defendant(s) will return a signed original of this Rule 11 Settlement Agreement and Agreed Judgment to Plaintiff's counsel at:

   ZWICKER & ASSOCIATES, P.C.
   Old Town Square
   1 Chisholm Trail, Suite 301
   Round Rock, TX 78681

3. Defendant(s) agrees to make monthly payments as described below until the total balance of $ _75,000_ . Defendant(s) will pay in the form of check or money order as follows:

   - *Defendant(s) shall pay Plaintiff the sum of $500.00 per month due by the first day of each month commencing on 05/15/19 for 59 months.*
   - *Defendant(s) shall pay Plaintiff a final payment in the amount of $45,500.00 on or before 03/15/24.*
   - *There shall be no interest charged.*

*In the event of default, any payments made under this Agreement shall be credited toward the Agreed Judgment.*

Copy from re:SearchTX

4. All checks and money orders for payments shall be payable to American Express National Bank and sent to:

> ZWICKER & ASSOCIATES, P.C.
> Attn: Payment Processing
> 80 Minuteman Road
> Andover, Massachusetts 01810
> 1-866-367-9942

5. Time is of the essence for all payments under this Rule 11 Settlement Agreement.

6. Plaintiff will file a copy of this Rule 11 Settlement Agreement with the Court.

7. This Rule 11 Settlement Agreement constitutes the entire agreement of the parties for settlement of the indebtedness which is the basis of this lawsuit, and supersedes all prior negotiations and agreements. There are no oral agreements between the parties not set forth herein.

8. This Rule 11 Settlement Agreement may be revised or modified only by a written instrument signed by all parties, and it shall be binding upon and inure to the benefit of Plaintiff and Defendant(s), and their respective heirs, administrators, representatives, executors, successors and assigns.

9. This Rule 11 Settlement Agreement is made and entered into within the State of Texas and shall, in all respects be construed, interpreted, enforced and governed by the laws of the State of Texas.

10. The language of this Rule 11 Settlement Agreement shall, in all cases, be construed as a whole, according to its fair meaning, and not strictly for, or against, any of the parties. Should any provisions of this Rule 11 Settlement Agreement be declared, or be determined, by any court to be unenforceable or invalid, the validity of the remaining parts, terms or provisions of this Rule 11 Settlement Agreement shall not be affected and any unenforceable or invalid part, term or provision should not be deemed as a part of this Rule 11 Settlement Agreement.

11. Defendant(s) expressly represents that this Rule 11 Settlement Agreement is entered into by free will and accord, and is not subject to any representations by any representative or attorney of Plaintiff. Defendant(s) has read this Rule 11 Settlement Agreement and fully understands it. Defendant(s) further represents that the ramifications and legal consequences of this Rule 11 Settlement Agreement have been explained by Defendant(s)' counsel (or Defendant(s) waive the right and opportunity to obtain such advice by counsel), and Defendant(s) execute it relying wholly upon Defendant(s)'

Copy from re:SearchTX

judgment, belief and knowledge of the nature, extent, effect, and duration of the claims
and the liabilities compromised and settled by this Rule 11 Settlement Agreement.

AGREED:

_____     Date: __3/28/19_____

TERRY BRADER
Defendant

_____     Date: __3/28/19_____

TERRY'S SEAWORTHY MARINE SUPPLY, LLC

_____     Date: __3/28/19_____

David Cunningham
Attorney for Defendants

_____     Date: __3/28/19_____

[ ] ELISE D. MANCHESTER
STATE BAR NUMBER 24070566
[ ] CHRISTOPHER MUNDT
STATE BAR NUMBER 24091826
Attorneys for Plaintiff
Zwicker & Associates, P.C.
1 Chisholm Trail, Suite 301
Round Rock, TX 78681
(512) 218-0488
(512) 218-0477 fax
ZATXATTORNEYS@ZWICKERPC.COM

*EXHIBIT "2"*

Copy from re:SearchTX

NO. 16-0212

| | | |
|---|---|---|
| AMERICAN EXPRESS NATIONAL BANK, | § | IN THE DISTRICT COURT |
| Plaintiff , | § § | 343RD JUDICIAL DISTRICT |
| v. | § § | ARANSAS COUNTY, TEXAS |
| TERRY BRADER AKA TERRY G BRADER AND TERRY'S SEAWORTHY MARINE SUPPLY, LLC, Defendant(s) | § § | |

## AGREED JUDGMENT

On this date came to be considered the above-styled and numbered cause. Plaintiff and Defendant(s) appeared by their respective counsel. Both parties announced to the Court that all matters in controversy had been compromised and settled, and requested and stipulated that the Court enter the following Judgment. The Court heard the evidence and the arguments of counsel, and is of the opinion that judgment should be entered.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Judgment shall be entered in favor of Plaintiff, AMERICAN EXPRESS NATIONAL BANK, and against Defendant(s) TERRY BRADER AKA TERRY G BRADER AND TERRY'S SEAWORTHY MARINE SUPPLY, LLC, for the following:

1. A sum of $125,638.99 as the balance due, owing, and unpaid under the Agreement, and
2. All costs of this proceeding.

Plaintiff shall have all writs and other process necessary to enforce this Judgment. All relief not expressly granted herein is denied. This Judgment finally disposes of all parties and all claims, and is appealable.

SIGNED this  2  day of _____April_____ , 20 19 .

_____
JUDGE PRESIDING

4  day of FILED APRIL  20 19
at  7:01  o'clock ___ M
Pam Heard, District Clerk
Dist Court Aransas County, Texas
By _____ Deputy

Copy from re:SearchTX

AGREED AS TO FORM AND SUBSTANCE:

TERRY BRADER
Defendant

TERRY'S SEAWORTHY MARINE SUPPLY, LLC
By Its
Defendant

David Cunningham
State Bar Number 00787314
Attorney for Defendants

[ ] ELISE D. MANCHESTER
STATE BAR NUMBER 24070566
[ ] CHRISTOPHER MUNDT
STATE BAR NUMBER 24091826
[ ] LESLIE L. SUN
STATE BAR NUMBER 24088490
[ ] ERIN M. MITCHELL
STATE BAR NUMBER 24093513
Attorneys for Plaintiff
Zwicker & Associates, P.C.
1 Chisholm Trail, Suite 301
Round Rock, TX 78681
(512) 218-0488
(512) 218-0477 fax
ZATXATTORNEYS@ZWICKERPC.COM

EXHIBIT "3"

Copy from re:SearchTX

NO. 16-0212

| | | |
|---|---|---|
| AMERICAN EXPRESS NATIONAL BANK, PLAINTIFF | § § § § | IN THE DISTRICT COURT |
| V. | § § § | 343RD JUDICIAL DISTRICT |
| TERRY BRADER AKA TERRY G BRADER and TERRY'S SEAWORTHY MARINE SUPPLY, LLC, DEFENDANT(S) | § § | ARANSAS COUNTY, TEXAS |

## ORDER APPOINTING POST-JUDGMENT RECEIVER ROBERT E. JENKINS PURSUANT TO CPRC 31.002 (LIMITED RECEIVERSHIP)

On this day came on to be considered Judgment Plaintiff AMERICAN EXPRESS NATIONAL BANK's Application for Appointment of Receiver pursuant to Texas Civil Practice and Remedies Code Section 31.002. After reviewing the evidence and the Court's file, the Court finds that the Judgment in this case is valid, final and fully payable, but remains unsatisfied, and that Judgment Plaintiff is entitled to aid from this Court in order to reach nonexempt property of Judgment Defendant TERRY BRADER AKA TERRY G BRADER and TERRY'S SEAWORTHY MARINE SUPPLY, LLC (hereinafter referred to at times as "Judgment Defendant") to obtain satisfaction on of the Judgment. The Court further finds that a receiver should be appointed to take possession of and sell the leviable nonexempt assets of Judgment Defendant. Notwithstanding any language to the contrary, this Order does not compel turnover of the homestead, checks for current wages, or other exempt property of Judgment Defendant.

IT IS THEREFORE, ORDERED, that Robert E. Jenkins SBN 24036842 (2221 Justin Rd. #119-480, Flower Mound, TX 75028; Phone: (214) 220-2022; email: FrontDesk@CourtReceivers.com) be, and he is hereby appointed Receiver pursuant to the Texas Turnover Statute, with authority to take possession of and sell the non-exempt assets of the Judgment Defendant.

Receiver's Powers: The Receiver shall have the power and authority to take possession of all nonexempt leviable property of Judgment Defendant, including, but not limited to the following nonexempt property: (a) all financial accounts (bank accounts), certificates of deposit, and money-

249255015478

RECEIVED
By Michael Pineda at 11:15 am, May 19, 2023

Copy from re:SearchTX

market accounts held by any third party; and (b) all financial records related to such property that is in the actual or constructive possession or control of Judgment Defendant; and that all such property shall be held in *custodia legis* of said Receiver as of the date of this Order.

In addition, Plaintiff's counsel is hereby authorized to communicate with the receiver regarding the judgment in this case, Defendant, and any information that they may possess or obtain regarding Defendant and Defendant's assets.

**Additional Powers:** The Receiver shall have the following additional rights, authority, and powers with respect to the Judgment Defendant's nonexempt property, to: (a) obtain Judgment Defendant's credit information and credit reports; (b) obtain from any third party any financial records belonging to or pertaining to the Judgment Defendant; (c) certify copies of this order and (d) to negotiate and obtain installment payment agreements with Judgment Defendant, if the Receiver reasonably believes that a payment agreement is the best option to satisfy the Judgment and receiver fee, and the Receiver does not compromise any amounts awarded in the Judgment without Plaintiff's authorization.

**Receiver's Bond, Fee, and Oath:** Because this is a post-judgment receivership, no Receiver Bond is required. The Court finds that the customary and usual post-judgment turnover receiver fee is 25% of the funds recovered during the receivership, subject to a later determination as to reasonableness by the Court or Judgment Defendant's written agreement for the fee to be paid. The Receiver's fee and reasonable expenses incurred in carrying out the terms of this Order shall be taxed as costs of court against Judgment Defendant and shall be in addition to the amounts provided for in the judgment. The Receiver is further ordered to take the oath of his office.

**Receiver's Expenses:** Any costs reasonably incurred in carrying out the terms of this Order shall be taxed against the Judgment Defendant as costs of court, and shall be collected by the Receiver from the Judgment Defendant which shall be in addition to those sums and amounts provided for in the Judgment.

**Personal Property Exemptions of Judgment Debtor:** Receiver must comply with Texas Rule of Civil Procedure 679b.

269255015478

Copy from re:SearchTX

Receiver to Hold Property: Receiver must not disburse funds to Judgment Creditor or sell property within 14 days after serving Judgment Debtor with the Seizure Exemption Notice, the Instructions for Seizure Exemption Claim Form adopted by the Supreme Court, or within 17 days if service was by mail. If the Judgment Debtor asserts an exemption, Receiver may only disburse funds to Judgment Creditor or sell property with Judgment Debtor's written consent or a court order.

SIGNED this __19__ day of ___May___, 2023.

_____
JUDGE PRESIDING

S_____
[ ]DENIA OUELLETTE
State Bar Number 24099780
[ ]KIMBERLY NEWMAN
State Bar Number 24051111
[ ]CARLY POWER
State Bar Number 24118503
ATTORNEYS FOR PLAINTIFF
801 E. OLD SETTLERS BLVD, STE 220
ROUND ROCK, TX 78664
ZATXATTORNEYS@ZWICKERPC.COM
(512)218-0488
(512)218-0477 (FAX)

312235015478

*** CERTIFIED COPY ***

I, as the duly appointed Court Receiver, do hereby certify that
the foregoing Order is a true and correct copy of the Order on
file in my office in Denton County, Texas, as allowed by the
form order approved by the Texas Supreme Court, Misc.
Docket No. 22-9031, Tex. R. Civ. P. 679b, and/or the terms of
the Order, and further authenticate the Order pursuant to Tex.
R. Evid. 902.

_____
COURT APPOINTED RECEIVER

Copy from re:SearchTX

# EXHIBIT "4"

Copy from re:SearchTX

# HAYDEN & CUNNINGHAM, PLLC

## Attorneys At Law
7750 Broadway
San Antonio, Texas 78209
(210) 826-7750

David L. Cunningham

Facsimile (210) 822-0916

June 22, 2023

Robert E. Jenkins
Jenkins Law Firm, P.C.
2221 Justin Rd. #119-480
Flower Mound, Texas 75028

Via Email banks@courtreceivers.com

Tenia Ouellette
Zwicker & Associates, P.C.
801 E. Old Settlers Blvd., Ste. 220
Round Rock, Texas 78664

Via Email: zalxattorneys@zwickerpc.com

RE:  *Dissolve Receivership/Breach of Contract*
*Rule 11 Settlement Agreement March 28, 2019 (Agreement)*
*Settlement Amount:  $75,000.00 (no interest)*
*Due Date:*           *March 15, 2024 (No Acceleration Clause)*
*Our Clients:*        *Terry Brader aka Terry G. Brader and Terry's Seaworthy Marine*
                      *Supply, LLC (Brader)*
*Plaintiff:*          *American Express Bank, FSB (American Express)*

Cause No. A-16-0212-CV-C; American Express Bank, FSB vs. Terry Brader aka Terry G.
Brader and Terry's Seaworthy Marine Supply, LLC
Our File No. 7702.0008

Dear Sir/Madam:

Please be advised that on or about March 28, 2019, Brader settled the above referenced case for
$75,000.00 no interest per the signed written agreement.

To date, Brader has paid $64,592.99 toward this $75,000.00 settlement.
Pursuant to the Agreement, the final payment is not due until *March 15, 2024*.

On March 15, 2024 Brader is to pay $45,500.00 per the terms of the agreement.  Attached hereto as
Exhibit "A" is the Rule 11 Settlement Agreement

7702-0008 Ltr to Jenkins and Ouellette.docx

Copy from re:SearchTX

Robert E. Jenkins
Jenkins Law Firm, P.C.
Tenia Ouellette
Zwicker & Associates, P.C.
June 22, 2023
Page 2

March 15, 2024 is a nine (9) months from today.

Based on the above referenced facts and written language of the "Settlement Agreement", my clients have paid over 86 percent (86%) of the total settlement amount and still has almost a year to pay the remaining balance.

The Agreement contains no acceleration clause and specifically provides that it may not be modified except by written agreement signed by Brader. Brader has not signed an agreement allowing acceleration and American Express is in breach of contract.

Therefore, demand is made upon you to immediately release the receivership and cease and desist all actions against Brader.

If you have any questions or comments regarding this or any other matter, pleases do not hesitate to contact me. As always, I am

Very truly yours,

DAVID L. CUNNINGHAM
DLC/bm
Enclosure      (as stated)

cc:     Terry Brader
        Terry's Seaworthy Marine Supply, LLC

7702-001 Ltr to Jenkins and Ouellette docx

*EXHIBIT "A"*

Copy from re:SearchTX

NO. 16-0212

AMERICAN EXPRESS NATIONAL
BANK,                                    §        IN THE DISTRICT COURT
   Plaintiff                       §
                                         §        343RD JUDICIAL DISTRICT
v.                                       §
                                         §        ARANSAS COUNTY, TEXAS
TERRY  BRADER  AKA  TERRY  G             §
BRADER AND TERRY'S SEAWORTHY             §
MARINE SUPPLY, LLC,                      §
   Defendant(s)

## RULE 11 SETTLEMENT AGREEMENT

All parties to this lawsuit have agreed to settle on the following terms:

1. The parties wish to fully resolve any dispute between them without the necessity of proceeding further with judicial process. Therefore, the parties agree to settle this matter, pursuant to the payment terms described below.  The parties will approve an Agreed Judgment in favor of Plaintiff for the full amount of Plaintiff's claim, including all court costs.  Conditioned on the Defendant(s) fulfilling the payment obligations set forth below, Plaintiff agrees not to abstract the Agreed Judgment or take any post-judgment remedies.  After Defendant(s) timely fulfill the payment obligations set forth below, Plaintiff will consider the Agreed Judgment satisfied, and file a satisfaction of judgment with the court.

2. Defendant(s) will return a signed original of this Rule 11 Settlement Agreement and Agreed Judgment to Plaintiff's counsel at:

   ZWICKER & ASSOCIATES, P.C.
   Old Town Square
   1 Chisholm Trail, Suite 301
   Round Rock, TX 78681

3. Defendant(s) agrees to make monthly payments as described below until the total balance of $ __75,000.⁰⁰__ . Defendant(s) will pay in the form of check or money order as follows:

- Defendant(s) shall pay Plaintiff the sum of $ 500.00 per month due by the 16th day of each month commencing on 05/16/19 for 59 months.
- Defendant(s) shall pay Plaintiff a final payment in the amount of $ 45,500.00 on or before 03/15/24. There shall be no interest charged.

In the event of default, any payments made under this Agreement shall be credited toward the Agreed Judgment.

4. All checks and money orders for payments shall be payable to American Express National Bank and sent to:

> ZWICKER & ASSOCIATES, P.C.
> Attn: Payment Processing
> 80 Minuteman Road
> Andover, Massachusetts 01810
> 1-866-367-9942

5. Time is of the essence for all payments under this Rule 11 Settlement Agreement.

6. Plaintiff will file a copy of this Rule 11 Settlement Agreement with the Court.

7. This Rule 11 Settlement Agreement constitutes the entire agreement of the parties for settlement of the indebtedness which is the basis of this lawsuit, and supersedes all prior negotiations and agreements. There are no oral agreements between the parties not set forth herein.

8. This Rule 11 Settlement Agreement may be revised or modified only by a written instrument signed by all parties, and it shall be binding upon and inure to the benefit of Plaintiff and Defendant(s), and their respective heirs, administrators, representatives, executors, successors and assigns.

9. This Rule 11 Settlement Agreement is made and entered into within the State of Texas and shall, in all respects be construed, interpreted, enforced and governed by the laws of the State of Texas.

10. The language of this Rule 11 Settlement Agreement shall, in all cases, be construed as a whole, according to its fair meaning, and not strictly for, or against, any of the parties. Should any provisions of this Rule 11 Settlement Agreement be declared, or be determined, by any court to be unenforceable or invalid, the validity of the remaining parts, terms or provisions of this Rule 11 Settlement Agreement shall not be affected and any unenforceable or invalid part, term or provision should not be deemed as a part of this Rule 11 Settlement Agreement.

11. Defendant(s) expressly represents that this Rule 11 Settlement Agreement is entered into by free will and accord, and is not subject to any representations by any representative or attorney of Plaintiff. Defendant(s) has read this Rule 11 Settlement Agreement and fully understands it. Defendant(s) further represents that the ramifications and legal consequences of this Rule 11 Settlement Agreement have been explained by Defendant(s)' counsel (or Defendant(s) waive the right and opportunity to obtain such advice by counsel), and Defendant(s) execute it relying wholly upon Defendant(s)'

Copy from re:SearchTX

Judgment, belief and knowledge of the nature, extent, effect, and duration of the claims and the liabilities compromised and settled by this Rule 11 Settlement Agreement.

AGREED:

_____     Date: __3/28/19__

TERRY BRADER
Defendant

_____     Date: __3/28/19__

TERRY'S SEAWORTHY MARINE SUPPLY, LLC

_____     Date: __3/28/19__

David Cunningham
Attorney for Defendants

_____     Date: __3/28/19__

[  ] ELISE D. MANCHESTER
STATE BAR NUMBER 24070566
[X] CHRISTOPHER MUNDT
STATE BAR NUMBER 24091826
Attorneys for Plaintiff
Zwicker & Associates, P.C.
1 Chisholm Trail, Suite 301
Round Rock, TX 78681
(512) 218-0488
(512) 218-0477 fax
ZATXATTORNEYS@ZWICKERPC.COM

## Bernice Martinez

| | |
|---|---|
| **From:** | Bernice Martinez |
| **Sent:** | Thursday, June 22, 2023 4:35 PM |
| **To:** | banks@courtreceivers.com; zatxattorneys@zwickerpc.com |
| **Cc:** | David Cunningham |
| **Subject:** | AMERICAN EXPRESS v. BRADER, ET AL |
| **Attachments:** | 7702-008 Ltr to Jenkins and Ouellette.pdf |

Good afternoon,

Please see Mr. Cunningham's correspondence attached hereto with regard to the above referenced matter.

Thank you,

Bernice Martinez
Legal Assistant to David L. Cunningham
Hayden & Cunningham, PLLC
Attorneys at Law
7750 Broadway
San Antonio, Texas 78209
(210) 826-7750 Telephone Ext. 1004
(210) 822-0916 Facsimile

1

Copy from re:SearchTX

*EXHIBIT "5"*

Copy from re:SearchTX

# HAYDEN & CUNNINGHAM, PLLC

### Attorneys At Law
7750 Broadway
San Antonio, Texas 78209
(210) 826-7750

David L. Cunningham

Facsimile (210) 822-0916

September 12, 2023

Robert E. Jenkins                        Via Email: frontdesk@comreceivers.com
Jenkins Law Firm, P.C.
2221 Justin Rd. #119-480
Flower Mound, Texas 75028

Tenia Ouellette                          Via Email: zatxattorneys@zwickerpc.com
Zwicker & Associates, P.C.
801 E. Old Settlers Blvd., Ste. 220
Round Rock, Texas 78664

RE:   *Tender $8,500.00 per Rule 11 Settlement Agreement dated March 28, 2019 (Agreement)*
      *Settlement Amount:*  *$75,000.00 (no interest)*
      *Due Date:*       *March 15, 2024 (No Acceleration Clause)*
      *Our clients:*    *Terry Brader aka Terry G. Brader and Terry's Seaworthy Marine*
                        *Supply, LLC (Brader)*
      *Defendant:*      *American Express Bank, FSB (American Express)*
      Our File No:      7702.0008

Dear Robert & Tenia:

Attached is a check from our trust account in the amount of $8,500.00 made payable to American Express National Bank as full and final settlement.

This check is being sent to: Zwicker & Associates, P.C., Attn: Payment Process, 80 Minuteman Rd., Andover, MA 01810, telephone number 1 (888) 636-9942. Pursuant to American Express' written response filed with the 343rd Judicial District Court of Aransas County, only $8,500.00 remaining of the total $75,000.00 settlement.

With the check being tendered to you, the $75,000.00 was paid before March 15, 2024. This complies with the March 28, 2019 Rule 11 Settlement Agreement.

Pursuant to the agreement, please sign and file a satisfaction of judgment with the court.

7702-008 Ltr6 to Jenkins and Ouellette.docx

Copy from re:SearchTX

Robert E. Jenkins
Jenkins Law Firm, P.C.
Tenia Ouellette
Zwicker & Associates, P.C.
September 12, 2023
Page 2

If you feel any funds are still owed to American Express or anyone else, then return the final settlement check to my office as these funds are tendered, in trust.  Thanking you in advance for your cooperation, I am

Very truly yours,

DAVID L. CUNNINGHAM
DLC/bm
Enclosure     (as stated)

cc:     Terry Brader
        Terry's Seaworthy Marine Supply, LLC

Copy from re:SearchTX



CASH ONLY IF ALL CHECK LOCK & SECURITY FEATURES LISTED ON BACK INDICATE NO TAMPERING OR COPYING

Hayden & Cunningham, PLLC
Attorneys at Law
IOLTA Account
7750 Broadway
San Antonio, TX 78209

VANTAGE BANK
88-1527/1149

1076

9/12/2023

PAY TO THE
ORDER OF    American Express National Bank                                    $ ··8 500 00

Eight Thousand Five Hundred and 00/100************************************************ DOLLARS

American Express National Bank

49    7702 0008 Brader/AMEX

⑈OO1O76⑈ ⑆11491527 2⑆    ⑈ 608015946⑈

Hayden & Cunningham, PLLC - IOLTA Account    1076
American Express National Bank
Settlement    9 12.23
8 500 00

Vantage Bank - IOLT    7702 0008 Brader/AMEX    8 500 00

Copy from re:SearchTX

Hayden & Cunningham, PLLC
Attorneys at Law
7550 Broadway
San Antonio, Texas 78209

7020 1810 0001 8933 7484

Zwicker & Associates, P.C.
Attn: Payment Process
80 Minuteman Rd.
Andover, MA 01810

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Zwicker & Associates, P.C.
Attn: Payment Process
80 Minuteman Rd.
Andover, MA 01810

9590 9402 7468 2055 2740 13

2. Article Number (Transfer from service label)
7020 1810 0001 8933 7484

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)          C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

7702-0081 D C

Domestic Return Receipt

Copy from re:SearchTX

Bernice Martinez

| | |
|---|---|
| From: | Bernice Martinez |
| Sent: | Tuesday, September 12, 2023 2:17 PM |
| To: | frontdesk@courtreceivers.com; Yesenia JCR; ZATXattorneys; banks@courtreceivers.com |
| Cc: | David Cunningham |
| Subject: | AMERICAN EXPRESS v. BRADER, ET AL |
| Attachments: | 7702-008 Ltr6 to Jenkins and Ouellette w check.pdf |

Good afternoon,

Please see Mr. Cunningham's correspondence attached hereto with regard to the above referenced matter.

Thank you,

Bernice Martinez
Legal Assistant to David L. Cunningham
Hayden & Cunningham, PLLC
Attorneys at Law
7750 Broadway
San Antonio, Texas 78209
(210) 926-7750 Telephone Ext. 1004
(210) 822-0916 Facsimile

1

Copy from re:SearchTX

*EXHIBIT "6"*

Copy from re:SearchTX

# HAYDEN & CUNNINGHAM, PLLC

## Attorneys At Law
7750 Broadway
San Antonio, Texas 78209
(210) 826-7750

David L. Cunningham

Facsimile (210) 822-0916

September 28, 2023

Robert E. Jenkins
Jenkins Law Firm, P.C.
2221 Justin Rd. #119-480
Flower Mound, Texas 75028

Via Email: frontdesk @ countreceivers.com

Tenia Ouellette
Zwicker & Associates, P.C.
801 E. Old Settlers Blvd., Ste. 220
Round Rock, Texas 78664

Via Email: zatxattorneys @ zwickerpc.com

RE:   *Demand of filing of satisfactory of judgment with the court*
      *Settlement Amount:*  *$75,000.00 (no interest)*
      *Due Date:*        *March 15, 2024 (No Acceleration Clause)*
      *Our clients:*      *Terry Brader aka Terry G. Brader and Terry's Seaworthy Marine Supply, LLC (Brader)*
      *Defendant:*      *American Express Bank, FSB (American Express)*
      Our File No:      7702.0008

Dear Robert & Tenia:

Enclosed is Exhibit "1" is Brader's tender of the $8,500.00 settlement check from Hayden & Cunningham, PLLC made payable to American Express National Bank. This tender was made on September 12, 2023. The tender specifically stated if American Express feels like there was anymore than $8,500.00 owed, then they were instructed to return to me the $8,500.00 check. American Express cashed the $8,500.00 check on September 25, 2023.

Attached hereto as Exhibit "2" is a true and correct copy of the negotiation of the check by American Express on September 25, 2023.

Pursuant to the Rule 11 Settlement Agreement entered in this case on March 28, 2019, demand is hereby made upon you to file a satisfaction of judgment with the court.

7702-008 Ltr7 to Jenkins and Ouellette.docx

Copy from re:SearchTX

Robert F. Jenkins
Jenkins Law Firm, P.C.
Tenia Ouellette
Zwicker & Associates, P.C.
September 28, 2023
Page 2


Please accomplish this task immediately.  Thanking you in advance for your cooperation, I am

Very truly yours,


DAVID L. CUNNINGHAM
DLC/bm
Enclosures      (as stated)

cc:     Terry Brader
        Terry's Seaworthy Marine Supply, LLC


7702-008 Ltr7 to Jenkins and Ouellette.docx

Copy from re:SearchTX

*EXHIBIT "1"*

Copy from re:SearchTX

## HAYDEN & CUNNINGHAM, PLLC

### Attorneys At Law
7750 Broadway
San Antonio, Texas 78209
(210) 826-7750

David L. Cunningham

Facsimile (210) 822-0916

September 12, 2023

Robert E. Jenkins
Jenkins Law Firm, P.C.
2221 Justin Rd. #119-480
Flower Mound, Texas 75028

Via Email: frontdesk@countreceivers.com

Tenia Ouellette
Zwicker & Associates, P.C.
801 E. Old Settlers Blvd., Ste. 220
Round Rock, Texas 78664

Via Email: zaxattorneys@zwickerpc.com

RE:     *Tender $8,500.00 per Rule 11 Settlement Agreement dated March 28, 2019 ( Agreement)*
        *Settlement Amount:  $75,000.00 (no interest)*
        *Due Date:          March 15, 2024 (No Acceleration Clause)*
        *Our clients:       Terry Brader aka Terry G. Brader and Terry's Seaworthy Marine*
        *                   Supply, LLC (Brader)*
        *Defendant:         American Express Bank, FSB (American Express)*
        *Our File No:       7702.0008*

Dear Robert & Tenia:

Attached is a check from our trust account in the amount of $8,500.00 made payable to American Express National Bank as full and final settlement.

This check is being sent to: Zwicker & Associates, P.C., Attn: Payment Process, 80 Minuteman Rd., Andover, MA 01810, telephone number 1 (888) 636-9942. Pursuant to American Express' written response filed with the 343rd Judicial District Court of Aransas County, only $8,500.00 remaining of the total $75,000.00 settlement.

With the check being tendered to you, the $75,000.00 was paid before March 15, 2024. This complies with the March 28, 2019 Rule 11 Settlement Agreement.

Pursuant to the agreement, please sign and file a satisfaction of judgment with the court.

7702-0008 L t6 to Jenkins and Ouellette.docx

Copy from re:SearchTX

Robert F. Jenkins
Jenkins Law Firm, P.C.
Tenia Ouellette
Zwicker & Associates, P.C.
September 12, 2023
Page 2

If you feel any funds are still owed to American Express or anyone else, then return the final settlement check to my office as these funds are tendered, in trust. Thanking you in advance for your cooperation, I am

Very truly yours,

DAVID L. CUNNINGHAM
DLC/bm
Enclosure      (as stated)

cc:      Terry Brader
         Terry's Seaworthy Marine Supply, LLC

Copy from re:SearchTX



Hayden & Cunningham, PLLC
Attorneys at Law
IOLTA Account
7750 Broadway
San Antonio, TX 78209

VANTAGE BANK
00-1527/1149

1076

9/12/2023

PAY TO THE
ORDER OF    American Express National Bank

$ **8,500 00

Eight Thousand Five Hundred and 00/100 · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·   DOLLARS

American Express National Bank

7702.0008 Brader/AMEX

⑈⑆OO⑈O76⑈⑆  ⑆⑈⑆⑆⑆9⑈52⑈?⑈⑈  ⑈⑆⑆O⑆O⑈59⑈6⑈⑈

Hayden & Cunningham, PLLC · IOLTA Account

1076

American Express National Bank

9/12/2:

8 500 0

Vantage Bank   IOLT   7702 0008 Brader AMEX

Copy from re:SearchTX

Hayden & Cunningham, PLLC
Attorneys at Law
7550 Broadway
San Antonio, Texas 78209

Zwicker & Associates, P.C.
Attn: Payment Process
80 Minuteman Rd.
Andover, MA 01810

☐ Complete items 1, 2, and 3
☐ Print your name and address on the reverse
so that we can return the card to you.
☐ Attach this card to the back of the mailpiece,
or on the front if space permits.

Zwicker & Associates, P.C.
Attn: Payment Process
80 Minuteman Rd.
Andover, MA 01810

9590 9402 7468 2055 2710 13

7020 1810 0003 8933 7484

PS Form 3811, July 2020 PSN 7530-02-000-9053

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

7102-0036 D.C.    Domestic Return Receipt

Copy from re:SearchTX

*EXHIBIT "2"*

Copy from re:SearchTX

Imaging - View Transaction                                 https web11 secureinternetbank.com IMG IMG1151 IMG1151...

**Hayden & Cunningham, PLLC**
Attorneys at Law
IOLTA Account
7750 Broadway
San Antonio, TX 78209

VALLFADE BANK

1BL   1076

9/12/2023

PAY TO THE
ORDER OF _____ American Express National Bank _____                    $ **8,500 00

Eight Thousand Five Hundred and 00/100************************************************************ DOLLARS

American Express National Bank

MEMO _____ 7702 0008 Brader/AMEX

⑈⑈0010 76⑈⑈  ⑈⑈114915272⑈⑈  ⑈⑈1080159146⑈⑈

0910453490
2023-09-25

American Express Trust
624881 3772

Copy from re:SearchTX

**Bernice Martinez**

| | |
|---|---|
| **From:** | Bernice Martinez |
| **Sent:** | Thursday, September 28, 2023 4:21 PM |
| **To:** | ZATXattorneys; banks@courtreceivers com, frontdesk@courtreceivers.com |
| **Cc:** | David Cunningham |
| **Subject:** | AMERICAN EXPRESS v. BRADER, ET AL |
| **Attachments:** | 7702-008 Ltr7 to Jenkins and Ouellette.pdf |

Good afternoon,

Please see Mr. Cunningham's correspondence attached hereto with regard to the above referenced matter.

Thank you,

Bernice Martinez
Legal Assistant to David L. Cunningham
Hayden & Cunningham, PLLC
Attorneys at Law
7750 Broadway
San Antonio, Texas 78209
(210) 826-7750 Telephone Ext. 1004
(210) 822-0916 Facsimile

1

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

David Cunningham on behalf of David Cunningham
Bar No. 00787314
dcunningham@7750law.com
Envelope ID: 89720052
Filing Code Description: Amended Filing
Filing Description: Plaintiffs' Second Amended Original Petition
Status as of 7/12/2024 1:32 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| David L.Cunningham | | dcunningham@7750law.com | 7/12/2024 1:18:59 PM | SENT |

Copy from re:SearchTX

CAUSE NO. <u>24-0118</u>

| | | |
|---|---|---|
| **TERRY BRADER AKA TERRY G.** | § | **IN THE DISTRICT COURT** |
| **BRADER and TERRY'S SEAWORTHY** | § | |
| **MARINE SUPPLY, LLC** | § | |
| | § | |
| **vs.** | § | **156ᵗʰ JUDICIAL DISTRICT** |
| | § | |
| **AMERICAN EXPRESS NATIONAL BANK** | § | **ARANSAS COUNTY, TEXAS** |

## <u>PLAINTIFFS' AMENDED ORIGINAL PETITION</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Terry Brader aka Terry G. Brader and Terry's Seaworthy Marine Supply, LLC ("Brader") filing its Amended Original Petition against American Express National Bank ("American Express") and for cause will show:

### *I.*

### *PARTIES*

Brader is an individual and a Texas limited liability company.  Brader resides and his primary business is in Aransas County, Texas.

American Express National Bank is a federal savings bank authorized to do business in the State of Texas and may be served with process by serving its Registered Agent, CT Corporation at 1108 South Union Ave., Midvale, Utah 84047.

If a Defendant's only known address is a Post Office Box address, Defendant may be served with process by mailing to such Defendant by registered mail or certified mail, return receipt requested, with delivery restricted to addressee only, a true copy of the citation with copy of the Petition attached thereto addressed as shown above.  Defendant may also be served with process in any manner permitted and authorized by law, including but not limited to, *Tex. R. Civ. P. 106* and *Tex. R. Civ. P. 103.*

Copy from re:SearchTX

**Electronically Filed**
**6/14/2024 3:00 PM**
**District Clerk, Pam Heard**
**Aransas County, Texas**
**By: Stephanie Abbott**

## II.

## DISCOVERY

Plaintiffs intend to conduct discovery under Roman III of the *Texas Rules of Civil Procedure*.

## III.

## CLAIMS FOR RELIEF

Pursuant to *TRCP 47*, Plaintiffs are claiming only monetary relief of $250,000.00 or less excluding interest, statutory or punitive damages and penalties, attorney's fees and costs.

## IV.

## VENUE

Venue is proper in Aransas County, Texas because all or a substantial part of the cause of action occurred in Aransas County, Texas and the suit involves a Rule 11 Settlement Agreement out of the 343rd Judicial District Court of Aransas County.

## V.

## CONDITIONS PRECEDENT

All conditions precedent to the filing of this lawsuit have occurred and/or been waived.

## VI.

## FACTS

### RULE 11 SETTLEMENT AGREEMENT

1.      On or about March 28, 2019, Brader and American Express settled Cause No. 16-0212 filed in the 343rd Judicial District Court of Aransas County, Texas for *amount of $75,000.00 no interest by March 15, 2024.* Attached hereto as Ex. 1 is a true and correct copy of the Rule 11 Settlement Agreement.

### NO ACCELERATION

2.      The Settlement agreement contains no acceleration clause and specifically provides it may

Copy from re:SearchTX

not be modified except by the written agreement of Brader.

## AGREED JUDGMENT FILED PART OF SETTLEMENT AGREEMENT

3.      As part of the Settlement Agreement, Brader and American Express signed and entered with the Court an Agreed Judgment in Cause No. 16-0212.  Attached hereto as Exhibit "2" is a true and correct copy of the Agreed Judgment presented by the parties to the Settlement Agreement.

## SATISFACTION OF JUDGMENT

4.      The Settlement Agreement provides in pertinent part the following:

*After Brader timely fulfill the payment obligations set forth below, American Express will consider the Agreement Judgment satisfied, and file a satisfaction of Judgment with the Court.*

## RECEIVERSHIP

5.      Prior to March 15, 2024, American Express began collection efforts on the judgment they settled on March 28, 2019.  Attached hereto as Exhibit "3" is a true and correct copy of the May 18, 2023 Order Appointing Receiver, Robert E. Jenkins pursuant to CPRC 31.002.  Brader asserts American Express enforced order is in violation of the parties agreement and constitutes breach of contract.

## ATTORNEY TO STOP COLLECTION

6.      Brader attempted to stop American Express' premature collection efforts.  Attached hereto as Exhibit "4" is a June 22, 2023 letter requesting American Express and Jenkins to dissolve receivership.

7.      American Express refused Brader's demand and continued enforcement of the judgment despite the written agreement.  All this was done before March 15, 2024.

## FINAL PAYMENT

8.      On September 12, 2023, Brader tendered $8,500.00 per the Rule 11 Agreement dated March 28, 2019.  Attached hereto as Exhibit "5" is a true and correct copy of this tender.

Copy from re:SearchTX

9.  The tender was from Hayden & Cunningham, PLLC and stated it was in trust and made in "full and final settlement".

10.  On September 25, 2023, tender was accepted by American Express by its negotiating and deposited the $8,500.00 check from Hayden & Cunningham, PLLC.

11.  Thus, on September 25, 2023, the total amount of $75,000.00 has been paid in this Cause Number 16-0212.  The settlement amount had been satisfied.

## DEMAND FOR SATISFACTDION OF JUDGMETN

12.  On September 28, 2023, Brader demanded American Express file a satisfaction of judgment with the court.  American Express has failed to file a satisfaction of judgment.  Attached hereto as Exhibit "6" is a true and correct copy of the September 28, 2023 demand.

13.  American Express is in breach of the Settlement Agreement by not filing a satisfaction of judgment after the total sum of $75,000.00 was paid before March 15, 2024.

14.  American Express further breached the settlement agreement by using collection efforts before March 15, 2024.

## VII.

## CAUSES OF ACTION

15.  Brader asserts that American Express is liable to Brader for the cause of action of breach of contract.

## VIII.

## DAMAGES

16.  Brader asserts that American Express is liable to Brader for damages proximately caused as a result of American Express' breach of contract in excess of the minimum jurisdiction limits of this Court.

Copy from re:SearchTX

## IX.

### *ATTORNEY FEES*

16.    It was necessary to hire the law firm of Hayden & Cunningham, PLLC to represent Brader in bringing this case against American Express so therefore would request its reasonable and necessary attorney fees throughout the trial of this matter as well as reasonable and necessary appellate fees to the Court of Appeals and the Texas Supreme Court.

## X.

### PRAYER

WHEREFORE PREMISES CONSIDERED, Brader prays that Defendants be cited to appear and after notice and a hearing, Brader recover a judgment against American Express for the following:

1.    Its actual damages;
2.    A satisfaction of Final Judgment in Cause No. 16-0212;
3.    Prejudgment and post-judgment interest at the maximum rate allowed by law;
4.    Attorney fees as well as appellate fees;
5.    Costs of Court; and
6.    Such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

HAYDEN & CUNNINGHAM, PLLC
Attorneys at Law
7750 Broadway
San Antonio, Texas 78209
Telephone (210)826-7750
Facsimile (210)822-0916

By: _____
DAVID L. CUNNINGHAM
State Bar No. 00787314
dcunningham@7750law.com
Attorney for Defendants

7702-008 Plaintiffs' Amended Original Petition-AENB docx                    5

Copy from re:SearchTX

*EXHIBIT 1*

Copy from re:SearchTX

NO. 16-0212

| | | |
|---|---|---|
| AMERICAN EXPRESS NATIONAL BANK, | § § | IN THE DISTRICT COURT |
| Plaintiff | § § | 343RD JUDICIAL DISTRICT |
| v. | § § | ARANSAS COUNTY, TEXAS |
| TERRY BRADER AKA TERRY G BRADER AND TERRY'S SEAWORTHY MARINE SUPPLY, LLC, Defendant(s) | § § | |

### RULE 11 SETTLEMENT AGREEMENT

All parties to this lawsuit have agreed to settle on the following terms:

1. The parties wish to fully resolve any dispute between them without the necessity of proceeding further with judicial process. Therefore, the parties agree to settle this matter, pursuant to the payment terms described below. The parties will approve an Agreed Judgment in favor of Plaintiff for the full amount of Plaintiff's claim, including all court costs. Conditioned on the Defendant(s) fulfilling the payment obligations set forth below, Plaintiff agrees not to abstract the Agreed Judgment or take any post-judgment remedies. After Defendant(s) timely fulfill the payment obligations set forth below, Plaintiff will consider the Agreed Judgment satisfied, and file a Satisfaction of Judgment with the court.

2. Defendant(s) will return a signed original of this Rule 11 Settlement Agreement and Agreed Judgment to Plaintiff's counsel at:

   ZWICKER & ASSOCIATES, P.C.
   Old Town Square
   1 Chisholm Trail, Suite 301
   Round Rock, TX 78681

3. Defendant(s) agrees to make monthly payments as described below until the total balance of $ 75,000.00 . Defendant(s) will pay in the form of check or money order as follows:

   - Defendant(s) shall pay Plaintiff the sum of $ 500.00 per month due by the first day of each month commencing on 05/16/19 for 59 months.
   - Defendant(s) shall pay Plaintiff a final payment in the amount of $ 45,500.00 on or before 03/15/24. There shall be no interest charged.

In the event of default, any payments made under this Agreement shall be credited toward the Agreed Judgment.

4. All checks and money orders for payments shall be payable to American Express National Bank and sent to:

> ZWICKER & ASSOCIATES, P.C.
> Attn: Payment Processing
> 80 Minuteman Road
> Andover, Massachusetts 01810
> 1-866-367-9942

5. Time is of the essence for all payments under this Rule 11 Settlement Agreement.

6. Plaintiff will file a copy of this Rule 11 Settlement Agreement with the Court.

7. This Rule 11 Settlement Agreement constitutes the entire agreement of the parties for settlement of the indebtedness which is the basis of this lawsuit, and supersedes all prior negotiations and agreements. There are no oral agreements between the parties not set forth herein.

8. This Rule 11 Settlement Agreement may be revised or modified only by a written instrument signed by all parties, and it shall be binding upon and inure to the benefit of Plaintiff and Defendant(s), and their respective heirs, administrators, representatives, executors, successors and assigns.

9. This Rule 11 Settlement Agreement is made and entered into within the State of Texas and shall, in all respects be construed, interpreted, enforced and governed by the laws of the State of Texas.

10. The language of this Rule 11 Settlement Agreement shall, in all cases, be construed as a whole, according to its fair meaning, and not strictly for, or against, any of the parties. Should any provisions of this Rule 11 Settlement Agreement be declared, or be determined, by any court to be unenforceable or invalid, the validity of the remaining parts, terms or provisions of this Rule 11 Settlement Agreement shall not be affected and any unenforceable or invalid part, term or provision should not be deemed as a part of this Rule 11 Settlement Agreement.

11. Defendant(s) expressly represents that this Rule 11 Settlement Agreement is entered into by free will and accord, and is not subject to any representations by any representative or attorney of Plaintiff. Defendant(s) has read this Rule 11 Settlement Agreement and fully understands it. Defendant(s) further represents that the ramifications and legal consequences of this Rule 11 Settlement Agreement have been explained by Defendant(s)' counsel (or Defendant(s) waive the right and opportunity to obtain such advice by counsel), and Defendant(s) execute it relying wholly upon Defendant(s)'

judgment, belief and knowledge of the nature, extent, effect, and duration of the claims and the liabilities compromised and settled by this Rule 11 Settlement Agreement.

AGREED:

_____     Date: 3/28/19

TERRY BRADER
Defendant

_____     Date: 3/28/19

TERRY'S SEAWORTHY MARINE SUPPLY, LLC

_____     Date: 3/28/19

David Cunningham
Attorney for Defendants

_____     Date: 3/28/19

[ ] ELISE D. MANCHESTER
STATE BAR NUMBER 24070566
[ ] CHRISTOPHER MUNDT
STATE BAR NUMBER 24091826
Attorneys for Plaintiff
Zwicker & Associates, P.C.
1 Chisholm Trail, Suite 301
Round Rock, TX 78681
(512) 218-0488
(512) 218-0477 fax
ZATXATTORNEYS@ZWICKERPC.COM

Copy from re:SearchTX

*EXHIBIT "2"*

Copy from re:SearchTX

NO. 16-0212

| | | |
|---|---|---|
| AMERICAN EXPRESS NATIONAL BANK, | § § § | IN THE DISTRICT COURT |
| Plaintiff , | § | 343RD JUDICIAL DISTRICT |
| v. | § § | ARANSAS COUNTY, TEXAS |
| TERRY BRADER AKA TERRY G BRADER AND TERRY'S SEAWORTHY MARINE SUPPLY, LLC, | § § | |
| Defendant(s) | | |

### AGREED JUDGMENT

On this date came to be considered the above-styled and numbered cause. Plaintiff and Defendant(s) appeared by their respective counsel. Both parties announced to the Court that all matters in controversy had been compromised and settled, and requested and stipulated that the Court enter the following Judgment. The Court heard the evidence and the arguments of counsel, and is of the opinion that judgment should be entered.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Judgment shall be entered in favor of Plaintiff, AMERICAN EXPRESS NATIONAL BANK, and against Defendant(s) TERRY BRADER AKA TERRY G BRADER AND TERRY'S SEAWORTHY MARINE SUPPLY, LLC, for the following:

1. A sum of $125,638.99 as the balance due, owing, and unpaid under the Agreement, and
2. All costs of this proceeding.

Plaintiff shall have all writs and other process necessary to enforce this Judgment. All relief not expressly granted herein is denied. This Judgment finally disposes of all parties and all claims, and is appealable.

SIGNED this ___2___ day of _____April_____, 20 _19_.

_Janna Whatley_
JUDGE PRESIDING

FILED
4 day of Apr 1 20 19
at 7:01 o'clock A M
Pam Heard, District Clerk
Dist Court Aransas County, Texas
By _____ Deputy

Copy from re:SearchTX

AGREED AS TO FORM AND SUBSTANCE:

\
TERRY BRADER
Defendant

\
TERRY'S SEAWORTHY MARINE SUPPLY, LLC
By Its\
Defendant

\
David Cunningham
State Bar Number 00787314
Attorney for Defendants

\
[  ] ELISE D. MANCHESTER
STATE BAR NUMBER 24070566
[X] CHRISTOPHER MUNDT
STATE BAR NUMBER 24091826
[  ] LESLIE L. SUN
STATE BAR NUMBER 24088490
[  ] ERIN M. MITCHELL
STATE BAR NUMBER 24093513
Attorneys for Plaintiff
Zwicker & Associates, P.C.
1 Chisholm Trail, Suite 301
Round Rock, TX 78681
(512) 218-0488
(512) 218-0477 fax
ZATXATTORNEYS@ZWICKERPC.COM

Copy from re:SearchTX

*EXHIBIT "3"*

Copy from re:SearchTX

NO. 16-0212

| AMERICAN EXPRESS NATIONAL BANK, | § | IN THE DISTRICT COURT |
| PLAINTIFF | § | |
| | § | |
| V. | § | 343RD JUDICIAL DISTRICT |
| | § | |
| TERRY BRADER AKA TERRY G BRADER and TERRY'S SEAWORTHY MARINE SUPPLY, LLC, | § | ARANSAS COUNTY, TEXAS |
| DEFENDANT(S) | § | |

### ORDER APPOINTING POST-JUDGMENT RECEIVER ROBERT E. JENKINS PURSUANT TO CPRC 31.002 (LIMITED RECEIVERSHIP)

On this day came on to be considered Judgment Plaintiff AMERICAN EXPRESS NATIONAL BANK's Application for Appointment of Receiver pursuant to Texas Civil Practice and Remedies Code Section 31.002. After reviewing the evidence and the Court's file, the Court finds that the Judgment in this case is valid, final and fully payable, but remains unsatisfied, and that Judgment Plaintiff is entitled to aid from this Court in order to reach nonexempt property of Judgment Defendant TERRY BRADER AKA TERRY G BRADER and TERRY'S SEAWORTHY MARINE SUPPLY, LLC (hereinafter referred to at times as "Judgment Defendant") to obtain satisfaction on of the Judgment. The Court further finds that a receiver should be appointed to take possession of and sell the leviable nonexempt assets of Judgment Defendant. Notwithstanding any language to the contrary, this Order does not compel turnover of the homestead, checks for current wages, or other exempt property of Judgment Defendant.

IT IS THEREFORE, ORDERED, that Robert E. Jenkins SBN 24036842 (2221 Justin Rd. #119-480, Flower Mound, TX 75028; Phone: (214) 220-2022; email: FrontDesk@CourtReceivers.com) be, and he is hereby appointed Receiver pursuant to the Texas Turnover Statute, with authority to take possession of and sell the non-exempt assets of the Judgment Defendant.

Receiver's Powers: The Receiver shall have the power and authority to take possession of all nonexempt leviable property of Judgment Defendant, including, but not limited to the following nonexempt property: (a) all financial accounts (bank accounts), certificates of deposit, and money-

269255015478

RECEIVED
By Michael Pineda at 11:15 am, May 19, 2023

Copy from re:SearchTX

market accounts held by any third party; and (b) all financial records related to such property that is in the actual or constructive possession or control of Judgment Defendant; and that all such property shall be held in *custodia legis* of said Receiver as of the date of this Order.

In addition, Plaintiff's counsel is hereby authorized to communicate with the receiver regarding the judgment in this case, Defendant, and any information that they may possess or obtain regarding Defendant and Defendant's assets.

**Additional Powers:** The Receiver shall have the following additional rights, authority, and powers with respect to the Judgment Defendant's nonexempt property, to: (a) obtain Judgment Defendant's credit information and credit reports; (b) obtain from any third party any financial records belonging to or pertaining to the Judgment Defendant; (c) certify copies of this order and (d) to negotiate and obtain installment payment agreements with Judgment Defendant, if the Receiver reasonably believes that a payment agreement is the best option to satisfy the Judgment and receiver fee, and the Receiver does not compromise any amounts awarded in the Judgment without Plaintiff's authorization.

**Receiver's Bond, Fee, and Oath:** Because this is a post-judgment receivership, no Receiver Bond is required. The Court finds that the customary and usual post-judgment turnover receiver fee is 25% of the funds recovered during the receivership, subject to a later determination as to reasonableness by the Court or Judgment Defendant's written agreement for the fee to be paid. The Receiver's fee and reasonable expenses incurred in carrying out the terms of this Order shall be taxed as costs of court against Judgment Defendant and shall be in addition to the amounts provided for in the judgment. The Receiver is further ordered to take the oath of his office.

**Receiver's Expenses:** Any costs reasonably incurred in carrying out the terms of this Order shall be taxed against the Judgment Defendant as costs of court, and shall be collected by the Receiver from the Judgment Defendant which shall be in addition to those sums and amounts provided for in the Judgment.

**Personal Property Exemptions of Judgment Debtor:** Receiver must comply with Texas Rule of Civil Procedure 679b.

269255015478

Copy from re:SearchTX

Receiver to Hold Property: Receiver must not disburse funds to Judgment Creditor or sell property within 14 days after serving Judgment Debtor with the Seizure Exemption Notice, the Instructions for Seizure Exemption Claim Form adopted by the Supreme Court, or within 17 days if service was by mail. If the Judgment Debtor asserts an exemption, Receiver may only disburse funds to Judgment Creditor or sell property with Judgment Debtor's written consent or a court order.

SIGNED this \_\_17\_\_ day of \_\_\_May\_\_\_\_\_, 2023.

_____
JUDGE PRESIDING

[ ]DENIA OUELLETTE
State Bar Number 24099780
[ ]KIMBERLY NEWMAN
State Bar Number 24051111
[ ]CARLY POWER
State Bar Number 24118503
**ATTORNEYS FOR PLAINTIFF**
801 E. OLD SETTLERS BLVD, STE 220
ROUND ROCK, TX 78664
ZATXATTORNEYS@ZWICKERPC.COM
(512)218-0488
(512)218-0477 (FAX)

269255015478

Copy from re:SearchTX

\*\*\* CERTIFIED COPY \*\*\*

I, as the duly appointed Court Receiver, do hereby certify that the foregoing Order is a true and correct copy of the Order on file in my office in Denton County, Texas, as allowed by the form order approved by the Texas Supreme Court, Misc. Docket No. 22-9031, Tex. R. Civ. P. 679b, and/or the terms of the Order, and further authenticate the Order pursuant to Tex. R. Evid. 902.

_____
COURT APPOINTED RECEIVER

Copy from re:SearchTX

*EXHIBIT "4"*

Copy from re:SearchTX

# HAYDEN & CUNNINGHAM, PLLC

### Attorneys At Law
7750 Broadway
San Antonio, Texas 78209
(210) 826-7750

David L. Cunningham

Facsimile (210) 822-0916

June 22, 2023

Robert E. Jenkins
Jenkins Law Firm, P.C.
2221 Justin Rd. #119-480
Flower Mound, Texas 75028

Via Email banks@courtreceivers.com

Tenia Ouellette
Zwicker & Associates, P.C.
801 E. Old Settlers Blvd., Ste. 220
Round Rock, Texas 78664

Via Email: zatxattorneys@zwickerpc.com

RE:     *Dissolve Receivership/Breach of Contract*
        *Rule 11 Settlement Agreement March 28, 2019 (Agreement)*
        *Settlement Amount:*   *$75,000.00 (no interest)*
        *Due Date:*          *March 15, 2024 (No Acceleration Clause)*
        *Our Clients:*       *Terry Brader aka Terry G. Brader and Terry's Seaworthy Marine*
                             *Supply, LLC (Brader)*
        *Plaintiff:*          *American Express Bank, FSB (American Express)*

       Cause No. A-16-0212-CV-C; American Express Bank, FSB vs. Terry Brader aka Terry G.
       Brader and Terry's Seaworthy Marine Supply, LLC
       Our File No. 7702.0008

Dear Sir/Madam:

Please be advised that on or about March 28, 2019, Brader settled the above referenced case for $75.000.00 no interest per the signed written agreement.

To date, Brader has paid $64,592.99 toward this $75,000.00 settlement.
Pursuant to the Agreement, the final payment is not due until *March 15, 2024.*

On March 15, 2024 Brader is to pay $45,500.00 per the terms of the agreement. Attached hereto as Exhibit "A" is the Rule 11 Settlement Agreement

7702-008 Ltr to Jenkins and Ouellette.docx

Copy from re:SearchTX

Robert E. Jenkins
Jenkins Law Firm, P.C.
Tenia Ouellette
Zwicker & Associates, P.C.
June 22, 2023
Page 2

March 15, 2024 is a nine (9) months from today.

Based on the above referenced facts and written language of the "Settlement Agreement", my clients have paid over 86 percent (86%) of the total settlement amount and still has almost a year to pay the remaining balance.

The Agreement contains no acceleration clause and specifically provides that it may not be modified except by written agreement signed by Brader.  Brader has not signed an agreement allowing acceleration and American Express is in breach of contract.

Therefore, demand is made upon you to immediately release the receivership and cease and desist all actions against Brader.

If you have any questions or comments regarding this or any other matter, pleases do not hesitate to contact me.  As always, I am

Very truly yours,

DAVID L. CUNNINGHAM
DLC/bm
Enclosure     (as stated)

cc:     Terry Brader
        Terry's Seaworthy Marine Supply, LLC

7702-008 Ltr to Jenkins and Ouellette.docx

Copy from re:SearchTX

*EXHIBIT "A"*

Copy from re:SearchTX

NO. 16-0212

| | | |
|---|---|---|
| AMERICAN EXPRESS NATIONAL BANK, | § § § | IN THE DISTRICT COURT |
| Plaintiff | § | 343RD JUDICIAL DISTRICT |
| v. | § § | ARANSAS COUNTY, TEXAS |
| TERRY BRADER AKA TERRY G BRADER AND TERRY'S SEAWORTHY MARINE SUPPLY, LLC, | § § | |
| Defendant(s) | | |

## RULE 11 SETTLEMENT AGREEMENT

All parties to this lawsuit have agreed to settle on the following terms:

1. The parties wish to fully resolve any dispute between them without the necessity of proceeding further with judicial process. Therefore, the parties agree to settle this matter, pursuant to the payment terms described below. The parties will approve an Agreed Judgment in favor of Plaintiff for the full amount of Plaintiff's claim, including all court costs. Conditioned on the Defendant(s) fulfilling the payment obligations set forth below, Plaintiff agrees not to abstract the Agreed Judgment or take any post-judgment remedies. After Defendant(s) timely fulfill the payment obligations set forth below, Plaintiff will consider the Agreed Judgment satisfied, *and file a satisfaction of Judgment with the court.*

2. Defendant(s) will return a signed original of this Rule 11 Settlement Agreement and Agreed Judgment to Plaintiff's counsel at:

    ZWICKER & ASSOCIATES, P.C.
    Old Town Square
    1 Chisholm Trail, Suite 301
    Round Rock, TX 78681

3. Defendant(s) agrees to make monthly payments as described below until the total balance of $ _75,000_ . Defendant(s) will pay in the form of check or money order as follows:

    - *Defendant(s) shall pay Plaintiff the sum of $500.00 per month due by the first day of each month commencing on 05/16/19 for 59 months.*
    - *Defendant(s) shall pay Plaintiff a final payment in the amount of $45,500.00 on or before 03/15/24.*
    - *There shall be no interest charged.*

*In the event of default, any payments made under this Agreement shall be credited toward the Agreed Judgment.*

Copy from re:SearchTX

4. All checks and money orders for payments shall be payable to American Express National Bank and sent to:

> ZWICKER & ASSOCIATES, P.C.
> Attn: Payment Processing
> 80 Minuteman Road
> Andover, Massachusetts 01810
> 1-866-367-9942

5. Time is of the essence for all payments under this Rule 11 Settlement Agreement.

6. Plaintiff will file a copy of this Rule 11 Settlement Agreement with the Court.

7. This Rule 11 Settlement Agreement constitutes the entire agreement of the parties for settlement of the indebtedness which is the basis of this lawsuit, and supersedes all prior negotiations and agreements. There are no oral agreements between the parties not set forth herein.

8. This Rule 11 Settlement Agreement may be revised or modified only by a written instrument signed by all parties, and it shall be binding upon and inure to the benefit of Plaintiff and Defendant(s), and their respective heirs, administrators, representatives, executors, successors and assigns.

9. This Rule 11 Settlement Agreement is made and entered into within the State of Texas and shall, in all respects be construed, interpreted, enforced and governed by the laws of the State of Texas.

10. The language of this Rule 11 Settlement Agreement shall, in all cases, be construed as a whole, according to its fair meaning, and not strictly for, or against, any of the parties. Should any provisions of this Rule 11 Settlement Agreement be declared, or be determined, by any court to be unenforceable or invalid, the validity of the remaining parts, terms or provisions of this Rule 11 Settlement Agreement shall not be affected and any unenforceable or invalid part, term or provision should not be deemed as a part of this Rule 11 Settlement Agreement.

11. Defendant(s) expressly represents that this Rule 11 Settlement Agreement is entered into by free will and accord, and is not subject to any representations by any representative or attorney of Plaintiff. Defendant(s) has read this Rule 11 Settlement Agreement and fully understands it. Defendant(s) further represents that the ramifications and legal consequences of this Rule 11 Settlement Agreement have been explained by Defendant(s)' counsel (or Defendant(s) waive the right and opportunity to obtain such advice by counsel), and Defendant(s) execute it relying wholly upon Defendant(s)'

Copy from re:SearchTX

judgment, belief and knowledge of the nature, extent, effect, and duration of the claims
and the liabilities compromised and settled by this Rule 11 Settlement Agreement.

AGREED:

_____          Date: ___3/28/19___

TERRY BRADER
Defendant

_____          Date: ___3/28/19___

TERRY'S SEAWORTHY MARINE SUPPLY, LLC

_____          Date: ___3/28/19___

David Cunningham
Attorney for Defendants

                                          Date: ___3/28/19___

[  ] ELISE D. MANCHESTER
STATE BAR NUMBER 24070566
[ ] CHRISTOPHER MUNDT
STATE BAR NUMBER 24091826
Attorneys for Plaintiff
Zwicker & Associates, P.C.
1 Chisholm Trail, Suite 301
Round Rock, TX 78681
(512) 218-0488
(512) 218-0477 fax
ZATXATTORNEYS@ZWICKERPC.COM

## Bernice Martinez

| | |
|---|---|
| **From:** | Bernice Martinez |
| **Sent:** | Thursday, June 22, 2023 4:35 PM |
| **To:** | banks@courtreceivers.com; zatxattorneys@zwickerpc.com |
| **Cc:** | David Cunningham |
| **Subject:** | AMERICAN EXPRESS v. BRADER, ET AL |
| **Attachments:** | 7702-008 Ltr to Jenkins and Ouellette.pdf |

Good afternoon,

Please see Mr. Cunningham's correspondence attached hereto with regard to the above referenced matter.

Thank you,

Bernice Martinez
Legal Assistant to David L. Cunningham
Hayden & Cunningham, PLLC
Attorneys at Law
7750 Broadway
San Antonio, Texas 78209
(210) 826-7750 Telephone Ext. 1004
(210) 822-0916 Facsimile

1

Copy from re:SearchTX

*EXHIBIT "5"*

Copy from re:SearchTX

# HAYDEN & CUNNINGHAM, PLLC

### Attorneys At Law
7750 Broadway
San Antonio, Texas 78209
(210) 826-7750

David L. Cunningham

Facsimile (210) 822-0916

September 12, 2023

Robert E. Jenkins
Jenkins Law Firm, P.C.
2221 Justin Rd. #119-480
Flower Mound, Texas 75028

Via Email: frontdesk@courtreceivers.com

Tenia Ouellette
Zwicker & Associates, P.C.
801 E. Old Settlers Blvd., Ste. 220
Round Rock, Texas 78664

Via Email: zatxattorneys@zwickerpc.com

RE: **Tender $8,500.00 per Rule 11 Settlement Agreement dated March 28, 2019 (Agreement)**
      **Settlement Amount: $75,000.00 (no interest)**
      **Due Date:**      **March 15, 2024 (No Acceleration Clause)**
      **Our clients:**      **Terry Brader aka Terry G. Brader and Terry's Seaworthy Marine**
                      **Supply, LLC (Brader)**
      **Defendant:**      **American Express Bank, FSB (American Express)**
      Our File No:      7702.0008

Dear Robert & Tenia:

Attached is a check from our trust account in the amount of $8,500.00 made payable to American Express National Bank as full and final settlement.

This check is being sent to: Zwicker & Associates, P.C., Attn: Payment Process, 80 Minuteman Rd., Andover, MA 01810, telephone number 1 (888) 636-9942. Pursuant to American Express' written response filed with the 343rd Judicial District Court of Aransas County, only $8,500.00 remaining of the total $75,000.00 settlement.

With the check being tendered to you, the $75,000.00 was paid before March 15, 2024. This complies with the March 28, 2019 Rule 11 Settlement Agreement.

Pursuant to the agreement, please sign and file a satisfaction of judgment with the court.

7702-008 Ltr6 to Jenkins and Ouellette.docx

Copy from re:SearchTX

Robert E. Jenkins
Jenkins Law Firm, P.C.
Tenia Ouellette
Zwicker & Associates, P.C.
September 12, 2023
Page 2

If you feel any funds are still owed to American Express or anyone else, then return the final settlement check to my office as these funds are tendered, in trust. Thanking you in advance for your cooperation, I am

Very truly yours,

DAVID L. CUNNINGHAM
DLC/bm
Enclosure     (as stated)

cc:     Terry Brader
        Terry's Seaworthy Marine Supply, LLC

7702-008 1 tr6 to Jenkins and Ouellette.docx

Copy from re:SearchTX

CASH ONLY IF ALL CheckLock SECURITY FEATURES LISTED ON BACK INDICATE NO TAMPERING OR COPYING

**Hayden & Cunningham, PLLC**
Attorneys at Law
IOLTA Account
7750 Broadway
San Antonio, TX 78209

VANTAGE BANK
88-1527/1149

1076

9/12/2023

PAY TO THE
ORDER OF _____ American Express National Bank _____

$ ··8,500 00

Eight Thousand Five Hundred and 00/100·················································· DOLLARS

American Express National Bank

7702 0008 Brader/AMEX

⑈00⑆076⑈ ⑇⑈⑆⑆4⑆5272⑈ ⑈⑆080⑆5946⑈

---

Hayden & Cunningham, PLLC - IOLTA Account
American Express National Bank                1076

                                    Settlement          9/12/2023

                                                         8 500 00

---

Vantage Bank - IOLT    7702 0008 Brader/AMEX

                                                         8 500 00

Copy from re:SearchTX

Hayden & Cunningham, PLLC
Attorneys at Law
7750 Broadway
San Antonio, Texas 78209

7020 1810 0001 8933 7484

Zwicker & Associates, P.C.
Attn: Payment Process
80 Minuteman Rd.
Andover, MA 01810



**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
or on the front if space permits.
1. Article Addressed to:

Zwicker & Associates, P.C.
Attn: Payment Process
80 Minuteman Rd.
Andover, MA 01810

9590 9402 7468 2055 2740 13

2. Article Number (Transfer from service label)
7020 1810 0001 8933 7484

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
(over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

7102-008/DC

Domestic Return Receipt

Copy from re:SearchTX

**Bernice Martinez**

| | |
|---|---|
| **From:** | Bernice Martinez |
| **Sent:** | Tuesday, September 12, 2023 2:17 PM |
| **To:** | frontdesk@courtreceivers.com; Yesenia JCR; ZATXattorneys; banks@courtreceivers.com |
| **Cc:** | David Cunningham |
| **Subject:** | AMERICAN EXPRESS v. BRADER, ET AL |
| **Attachments:** | 7702-008 Ltr6 to Jenkins and Ouellette w check.pdf |

Good afternoon,

Please see Mr. Cunningham's correspondence attached hereto with regard to the above referenced matter.

Thank you,

Bernice Martinez
Legal Assistant to David L. Cunningham
Hayden & Cunningham, PLLC
Attorneys at Law
7750 Broadway
San Antonio, Texas 78209
(210) 826-7750 Telephone Ext. 1004
(210) 822-0916 Facsimile

1

Copy from re:SearchTX

EXHIBIT "6"

Copy from re:SearchTX

# HAYDEN & CUNNINGHAM, PLLC

### Attorneys At Law

7750 Broadway
San Antonio, Texas 78209
(210) 826-7750

David L. Cunningham

Facsimile (210) 822-0916

September 28, 2023

Robert E. Jenkins                                    Via Email: frontdesk@courtreceivers.com
Jenkins Law Firm, P.C.
2221 Justin Rd. #119-480
Flower Mound, Texas 75028

Tenia Ouellette                                      Via Email: zatxattorneys@zwickerpc.com
Zwicker & Associates, P.C.
801 E. Old Settlers Blvd., Ste. 220
Round Rock, Texas 78664

RE:     *Demand of filing of satisfactory of judgment with the court*
        *Settlement Amount:*  *$75,000.00 (no interest)*
        *Due Date:*           *March 15, 2024 (No Acceleration Clause)*
        *Our clients:*        *Terry Brader aka Terry G. Brader and Terry's Seaworthy Marine*
                              *Supply, LLC (Brader)*
        *Defendant:*          *American Express Bank, FSB (American Express)*
        Our File No:          7702.0008

Dear Robert & Tenia:

Enclosed is Exhibit "1" is Brader's tender of the $8,500.00 settlement check from Hayden &
Cunningham, PLLC made payable to American Express National Bank. This tender was made on
September 12, 2023. The tender specifically stated if American Express feels like there was
anymore than $8,500.00 owed, then they were instructed to return to me the $8,500.00 check.
American Express cashed the $8,500.00 check on September 25, 2023.

Attached hereto as Exhibit "2" is a true and correct copy of the negotiation of the check by American
Express on September 25, 2023.

Pursuant to the Rule 11 Settlement Agreement entered in this case on March 28, 2019, demand is
hereby made upon you to file a satisfaction of judgment with the court.

7702-008 Ltr7 to Jenkins and Ouellette.docx

Copy from re:SearchTX

Robert F. Jenkins
Jenkins Law Firm, P.C.
Tenia Ouellette
Zwicker & Associates, P.C.
September 28, 2023
Page 2

Please accomplish this task immediately.  Thanking you in advance for your cooperation, I am

Very truly yours,

DAVID L. CUNNINGHAM
DLC/bm
Enclosures     (as stated)

cc:     Terry Brader
        Terry's Seaworthy Marine Supply, LLC

7702-008 Ltr7 to Jenkins and Ouellette.docx

Copy from re:SearchTX

*EXHIBIT "1"*

Copy from re:SearchTX

# HAYDEN & CUNNINGHAM, PLLC

### Attorneys At Law
7750 Broadway
San Antonio, Texas 78209
(210) 826-7750

David L. Cunningham

Facsimile (210) 822-0916

September 12, 2023

Robert E. Jenkins
Jenkins Law Firm, P.C.
2221 Justin Rd. #119-480
Flower Mound, Texas 75028

Via Email: frontdesk@courtreceivers.com

Tenia Ouellette
Zwicker & Associates, P.C.
801 E. Old Settlers Blvd., Ste. 220
Round Rock, Texas 78664

Via Email: zaxattorneys@zwickerpc.com

RE:  *Tender $8,500.00 per Rule 11 Settlement Agreement dated March 28, 2019 ( Agreement)*
     *Settlement Amount:  $75,000.00 (no interest)*

| | |
|---|---|
| *Due Date:* | *March 15, 2024 (No Acceleration Clause)* |
| *Our clients:* | *Terry Brader aka Terry G. Brader and Terry's Seaworthy Marine Supply, LLC (Brader)* |
| *Defendant:* | *American Express Bank, FSB (American Express)* |
| Our File No: | 7702.0008 |

Dear Robert & Tenia:

Attached is a check from our trust account in the amount of $8,500.00 made payable to American Express National Bank as full and final settlement.

This check is being sent to: Zwicker & Associates, P.C., Attn: Payment Process, 80 Minuteman Rd., Andover, MA 01810, telephone number 1 (888) 636-9942.  Pursuant to American Express' written response filed with the 343rd Judicial District Court of Aransas County, only $8,500.00 remaining of the total $75,000.00 settlement.

With the check being tendered to you, the $75,000.00 was paid before March 15, 2024.  This complies with the March 28, 2019 Rule 11 Settlement Agreement.

Pursuant to the agreement, please sign and file a satisfaction of judgment with the court.

7702-008 Ltr to Jenkins and Ouellette.docx

Copy from re:SearchTX

Robert E. Jenkins
Jenkins Law Firm, P.C.
Tenia Ouellette
Zwicker & Associates, P.C.
September 12, 2023
Page 2

If you feel any funds are still owed to American Express or anyone else, then return the final settlement check to my office as these funds are tendered, in trust.  Thanking you in advance for your cooperation, I am

Very truly yours,

DAVID L. CUNNINGHAM
DLC/bm
Enclosure      (as stated)

cc:      Terry Brader
         Terry's Seaworthy Marine Supply, LLC

7702-008 Ltr6 to Jenkins and Ouellette.docx

Copy from re:SearchTX



CASH ONLY IF ALL OF THE SECURITY FEATURES LISTED ON BACK INDICATE NO TAMPERING OR COPYING

**Hayden & Cunningham, PLLC**
Attorneys at Law
IOLTA Account
7750 Broadway
San Antonio, TX 78209

VANTAGE BANK
88-1527/1149

1076

9/12/2023

PAY TO THE ORDER OF  American Express National Bank    $ **8,500 00

Eight Thousand Five Hundred and 00/100 ·········································· DOLLARS

American Express National Bank

File JD  7702.0008 Brader/AMEX

⑈"OO ⑈O 7 6⑈"  ⑈: ⑈ ⑈ ⑈ 9 ⑈ 5 2 7 2⑈:  ⑈" ⑈O ⑈O ⑈ 5 9 ⑈ 6⑈"

Hayden & Cunningham, PLLC - IOLTA Account
American Express National Bank          Settlement          9 12      1076
                                                                      8 500

Vantage Bank - IOL1    7702 0008 Brader/AMEX                          8 500 00

Copy from re:SearchTX

Hayden & Cunningham, P.L.L.C
Attorneys at Law
7550 Broadway
San Antonio, Texas 78209

Zwicker & Associates, P.C.
Attn: Payment Process
80 Minuteman Rd.
Andover, MA 01810

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
 so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
 or on the front if space permits.

1. Article Addressed to:

Zwicker & Associates, P.C.
Attn: Payment Process
80 Minuteman Rd.
Andover, MA 01810

9590 9402 7468 2055 27 40 13

2. Article Number (Transfer from service label)

7020 1810 0003 8933 7484

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)       C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
 If YES, enter delivery address below:          ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
 (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted
 Delivery
☐ Signature Confirmation™
☐ Signature Confirmation
 Restricted Delivery

Domestic Return Receipt

7102-0031/DC

Copy from re:SearchTX

*EXHIBIT "2"*

Copy from re:SearchTX



CASH ONLY IF ALL Check Lock™ SECURITY FEATURES LISTED ON BACK INDICATE NO TAMPERING OR COPYING

**Hayden & Cunningham, PLLC**
Attorneys at Law
IOLTA Account
7750 Broadway
San Antonio, TX 78209

VANTAGE BANK
88-1527-1140

1BL    1076

9/12/2023

PAY TO THE ORDER OF ___ American Express National Bank

$ **8,500.00

Eight Thousand Five Hundred and 00/100 ........................................................ DOLLARS

American Express National Bank

[PROTECTED AGAINST FRAUD]

MEMO    7702 0008 Brader/AMEX

⑈001076⑈ ⑆114915272⑈ ⑈408015946⑈

0910453498
2023-09-25

American Express Trust
8248813772

Copy from re:SearchTX

**Bernice Martinez**

| | |
|---|---|
| From: | Bernice Martinez |
| Sent: | Thursday, September 28, 2023 4:21 PM |
| To: | ZATXattorneys; banks@courtreceivers.com; frontdesk@courtreceivers.com |
| Cc: | David Cunningham |
| Subject: | AMERICAN EXPRESS v. BRADER, ET AL |
| Attachments: | 7702-008 Ltr7 to Jenkins and Ouellette.pdf |

Good afternoon,

Please see Mr. Cunningham's correspondence attached hereto with regard to the above referenced matter.

Thank you,

Bernice Martinez
Legal Assistant to David L. Cunningham
Hayden & Cunningham, PLLC
Attorneys at Law
7750 Broadway
San Antonio, Texas 78209
(210) 826-7750 Telephone Ext. 1004
(210) 822-0916 Facsimile

1

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

David Cunningham on behalf of David Cunningham
Bar No. 00787314
dcunningham@7750law.com
Envelope ID: 88831151
Filing Code Description: Amended Filing
Filing Description: Plaintiffs' Amended Original Petition
Status as of 6/17/2024 7:34 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| David L.Cunningham | | dcunningham@7750law.com | 6/14/2024 3:00:56 PM | SENT |

Copy from re:SearchTX

Aransas County District Clerk

Questions 361-790-0128

districtclerk@aransascounty.org

# E-filing Service Request

❖ This document MUST be filed as a separate **LEAD** document when e-filing

Cause # 24-0118                    Document to be attached: Plaintiffs' Amended Original Petition

**Style of Case:**

Terry Brader aka Terry G. Brader and Terry's Seaworthy Marine Supply, LLC

vs.

American Express National Bank

Please use this form when requesting issuance of the below listed types of issuance through the e-filing system.
Abstracts, Executions & Subpoenas use additional forms

**Please select the type and quantity of issuance(s) needed:**

| Type | Amt | Quantity | Type | Amt | Quantity |
|---|---|---|---|---|---|
| **Issuance fees:** | | | **Sheriff Service Fees:** | | |
| Abstract of Judgment | $8 | | Citation-Personal Service | $150 | |
| Capias/Bench Warrant | $8 | | Citation-Posting (courthouse door) | $60 | |
| Citations - ALL | $8 | 1 | Citation-Publication Newspaper:_____ | $150 | |
| Notices | $8 | | Subpoena | $150 | |
| Precept/Show Cause | $8 | | TRO/Protective Order | $125 | |
| Subpoena | $8 | | Writs | $200 | |
| TRO/Protective Order | $8 | | | | |
| Writs - ALL | $8 | | | | |
| Copies (per page) | $1 | 10 | Citation by Certified Mail | $150 | |
| Electronic Copies Up to 10 pages Additional pages (per page) | $1 $0.10 | 32 | Expedited Foreclosures (certified & 1st class mail for each Defendant & Occupant) | $150 + $8 | |

Note: PUBLICATION COSTS-If publication is requested thru the newspaper there will be additional cost from the newspaper for the publication

Name of party to be served: American Express National Bank

Address for Service:        By serving its Registered Agent, CT Corporation at

1108 South Union Ave., Midvale, Utah 84047

Requested By: David L. Cunningham                       Phone: 210-826-7750

**Please attach additional pages if there are additional parties to be served.**
**\*\*\*\*Check one of the options below for your preferred method of service\*\*\*\***

○ County Sheriff/Constable $150 fee in addition to above issuance cost.
(Please be sure and add service fee using "Optional Services" feature when e-filing. Failure to choose the service fee may result in your filing being rejected due to lack of fee amount approval)

○ To be held at clerk's office for pick-up

◉ Email to: dcunningham@7750law.com

**Electronically Filed**
**6/17/2024 11:14 AM**
**District Clerk, Pam Heard**
**Aransas County, Texas**
**By: Jaime Blackburn**

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

David Cunningham on behalf of David Cunningham
Bar No. 00787314
dcunningham@7750law.com
Envelope ID: 88865854
Filing Code Description: Request
Filing Description: Service Request
Status as of 6/17/2024 11:27 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| David L.Cunningham | | dcunningham@7750law.com | 6/17/2024 11:14:10 AM | SENT |

Copy from re:SearchTX

CAUSE NO. <u>24-0118</u>

| | | |
|---|---|---|
| **TERRY BRADER AKA TERRY G.** | § | **IN THE DISTRICT COURT** |
| **BRADER and TERRY'S SEAWORTHY** | § | |
| **MARINE SUPPLY, LLC** | § | |
| | § | |
| **vs.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| **AMERICAN EXPRESS NATIONAL BANK** | § | **ARANSAS COUNTY, TEXAS** |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Terry Brader aka Terry G. Brader and Terry's Seaworthy Marine Supply, LLC ("Brader") filing its Original Petition against American Express National Bank ("American Express") and for cause will show:

### I.

### PARTIES

Brader is an individual and a Texas limited liability company. Brader resides and his primary business is in Aransas County, Texas.

American Express National Bank is a federal savings bank authorized to do business in the State of Texas and may be served with process by serving its President at 4315 South 2700 West, Salt Lake City, Utah 84184.

If a Defendant's only known address is a Post Office Box address, Defendant may be served with process by mailing to such Defendant by registered mail or certified mail, return receipt requested, with delivery restricted to addressee only, a true copy of the citation with copy of the Petition attached thereto addressed as shown above. Defendant may also be served with process in any manner permitted and authorized by law, including but not limited to, _Tex. R. Civ. P. 106_ and _Tex. R. Civ. P. 103._

Copy from re:SearchTX

**Electronically Filed**
**6/13/2024 2:15 PM**
**District Clerk, Pam Heard**
**Aransas County, Texas**
**By: Zach Westlake**

## II.

### DISCOVERY

Plaintiffs intend to conduct discovery under Roman III of the *Texas Rules of Civil Procedure*.

## III.

### CLAIMS FOR RELIEF

Pursuant to *TRCP 47*, Plaintiffs are claiming only monetary relief of $250,000.00 or less excluding interest, statutory or punitive damages and penalties, attorney's fees and costs.

## IV.

### VENUE

Venue is proper in Aransas County, Texas because all or a substantial part of the cause of action occurred in Aransas County, Texas and the suit involves a Rule 11 Settlement Agreement out of the 343rd Judicial District Court of Aransas County.

## V.

### CONDITIONS PRECEDENT

All conditions precedent to the filing of this lawsuit have occurred and/or been waived.

## VI.

### FACTS

#### RULE 11 SETTLEMENT AGREEMENT

1. On or about March 28, 2019, Brader and American Express settled Cause No. 16-0212 filed in the 343rd Judicial District Court of Aransas County, Texas for *amount of $75,000.00 no interest by March 15, 2024.* Attached hereto as Ex. 1 is a true and correct copy of the Rule 11 Settlement Agreement.

#### NO ACCELERATION

2. The Settlement agreement contains no acceleration clause and specifically provides it may

7702-008 Plaintiffs' Original Petition-AENB.docx                    2

Copy from re:SearchTX

not be modified except by the written agreement of Brader.

## *AGREED JUDGMENT FILED PART OF SETTLEMENT AGREEMENT*

3.      As part of the Settlement Agreement, Brader and American Express signed and entered with the Court an Agreed Judgment in Cause No. 16-0212. Attached hereto as Exhibit "2" is a true and correct copy of the Agreed Judgment presented by the parties to the Settlement Agreement.

## *SATISFACTION OF JUDGMENT*

4.      The Settlement Agreement provides in pertinent part the following:

> *After Brader timely fulfill the payment obligations set forth below, American Express will consider the Agreement Judgment satisfied, and file a satisfaction of Judgment with the Court.*

## *RECEIVERSHIP*

5.      Prior to March 15, 2024, American Express began collection efforts on the judgment they settled on March 28, 2019. Attached hereto as Exhibit "3" is a true and correct copy of the May 18, 2023 Order Appointing Receiver, Robert E. Jenkins pursuant to CPRC 31.002. Brader asserts American Express enforced order is in violation of the parties agreement and constitutes breach of contract.

## *ATTORNEY TO STOP COLLECTION*

6.      Brader attempted to stop American Express' premature collection efforts. Attached hereto as Exhibit "4" is a June 22, 2023 letter requesting American Express and Jenkins to dissolve receivership.

7.      American Express refused Brader's demand and continued enforcement of the judgment despite the written agreement. All this was done before March 15, 2024.

## *FINAL PAYMENT*

8.      On September 12, 2023, Brader tendered $8,500.00 per the Rule 11 Agreement dated March 28, 2019. Attached hereto as Exhibit "5" is a true and correct copy of this tender.

Copy from re:SearchTX

9.      The tender was from Hayden & Cunningham, PLLC and stated it was in trust and made in "full and final settlement".

10.     On September 25, 2023, tender was accepted by American Express by its negotiating and deposited the $8,500.00 check from Hayden & Cunningham, PLLC.

11.     Thus, on September 25, 2023, the total amount of $75,000.00 has been paid in this Cause Number 16-0212.  The settlement amount had been satisfied.

### *DEMAND FOR SATISFACTDION OF JUDGMETN*

12.     On September 28, 2023, Brader demanded American Express file a satisfaction of judgment with the court.  American Express has failed to file a satisfaction of judgment.  Attached hereto as Exhibit "6" is a true and correct copy of the September 28, 2023 demand.

13.     American Express is in breach of the Settlement Agreement by not filing a satisfaction of judgment after the total sum of $75,000.00 was paid before March 15, 2024.

14.     American Express further breached the settlement agreement by using collection efforts before March 15, 2024.

### *VII.*

### *CAUSES OF ACTION*

15.     Brader asserts that American Express is liable to Brader for the cause of action of breach of contract.

### *VIII.*

### *DAMAGES*

16.     Brader asserts that American Express is liable to Brader for damages proximately caused as a result of American Express' breach of contract in excess of the minimum jurisdiction limits of this Court.

Copy from re:SearchTX

## IX.

### *ATTORNEY FEES*

16.     It was necessary to hire the law firm of Hayden & Cunningham, PLLC to represent Brader in bringing this case against American Express so therefore would request its reasonable and necessary attorney fees throughout the trial of this matter as well as reasonable and necessary appellate fees to the Court of Appeals and the Texas Supreme Court.

## X.

### PRAYER

WHEREFORE PREMISES CONSIDERED, Brader prays that Defendants be cited to appear and after notice and a hearing, Brader recover a judgment against American Express for the following:

1.     Its actual damages;
2.     A satisfaction of Final Judgment in Cause No. 16-0212;
3.     Prejudgment and post-judgment interest at the maximum rate allowed by law;
4.     Attorney fees as well as appellate fees;
5.     Costs of Court; and
6.     Such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

HAYDEN & CUNNINGHAM, PLLC
Attorneys at Law
7750 Broadway
San Antonio, Texas 78209
Telephone (210)826-7750
Facsimile (210)822-0916


By: _____
    DAVID L. CUNNINGHAM
    State Bar No. 00787314
    dcunningham@7750law.com
    Attorney for Defendants

Copy from re:SearchTX

*EXHIBIT 1*

Copy from re:SearchTX

NO. 16-0212

| | | |
|---|---|---|
| AMERICAN EXPRESS NATIONAL BANK, | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | 343RD JUDICIAL DISTRICT |
| v. | § | |
| | § | ARANSAS COUNTY, TEXAS |
| TERRY BRADER AKA TERRY G BRADER AND TERRY'S SEAWORTHY MARINE SUPPLY, LLC, | § | |
| Defendant(s) | § | |

## RULE 11 SETTLEMENT AGREEMENT

All parties to this lawsuit have agreed to settle on the following terms:

1. The parties wish to fully resolve any dispute between them without the necessity of proceeding further with judicial process. Therefore, the parties agree to settle this matter, pursuant to the payment terms described below. The parties will approve an Agreed Judgment in favor of Plaintiff for the full amount of Plaintiff's claim, including all court costs. Conditioned on the Defendant(s) fulfilling the payment obligations set forth below, Plaintiff agrees not to abstract the Agreed Judgment or take any post-judgment remedies. After Defendant(s) timely fulfill the payment obligations set forth below, Plaintiff will consider the Agreed Judgment satisfied, and File a Satisfaction of Judgment with the court.

2. Defendant(s) will return a signed original of this Rule 11 Settlement Agreement and Agreed Judgment to Plaintiff's counsel at:

   ZWICKER & ASSOCIATES, P.C.
   Old Town Square
   1 Chisholm Trail, Suite 301
   Round Rock, TX 78681

3. Defendant(s) agrees to make monthly payments as described below until the total balance of $ 75,000⁰⁰ . Defendant(s) will pay in the form of check or money order as follows:

   - Defendant(s) shall pay Plaintiff the Sum of $500.00 per month due by the first day of each month commencing on 05/15/19 for 59 months.
   - Defendant(s) shall pay Plaintiff a Final payment in the amount of $45,500.00 on or before 03/15/24. These shall be no interest charged.

   In the event of default, any payments made under this Agreement shall be credited toward the Agreed Judgment.

4. All checks and money orders for payments shall be payable to American Express National Bank and sent to:

> ZWICKER & ASSOCIATES, P.C.
> Attn: Payment Processing
> 80 Minuteman Road
> Andover, Massachusetts 01810
> 1-866-367-9942

5. Time is of the essence for all payments under this Rule 11 Settlement Agreement.

6. Plaintiff will file a copy of this Rule 11 Settlement Agreement with the Court.

7. This Rule 11 Settlement Agreement constitutes the entire agreement of the parties for settlement of the indebtedness which is the basis of this lawsuit, and supersedes all prior negotiations and agreements. There are no oral agreements between the parties not set forth herein.

8. This Rule 11 Settlement Agreement may be revised or modified only by a written instrument signed by all parties, and it shall be binding upon and inure to the benefit of Plaintiff and Defendant(s), and their respective heirs, administrators, representatives, executors, successors and assigns.

9. This Rule 11 Settlement Agreement is made and entered into within the State of Texas and shall, in all respects be construed, interpreted, enforced and governed by the laws of the State of Texas.

10. The language of this Rule 11 Settlement Agreement shall, in all cases, be construed as a whole, according to its fair meaning, and not strictly for, or against, any of the parties. Should any provisions of this Rule 11 Settlement Agreement be declared, or be determined, by any court to be unenforceable or invalid, the validity of the remaining parts, terms or provisions of this Rule 11 Settlement Agreement shall not be affected and any unenforceable or invalid part, term or provision should not be deemed as a part of this Rule 11 Settlement Agreement.

11. Defendant(s) expressly represents that this Rule 11 Settlement Agreement is entered into by free will and accord, and is not subject to any representations by any representative or attorney of Plaintiff. Defendant(s) has read this Rule 11 Settlement Agreement and fully understands it. Defendant(s) further represents that the ramifications and legal consequences of this Rule 11 Settlement Agreement have been explained by Defendant(s)' counsel (or Defendant(s) waive the right and opportunity to obtain such advice by counsel), and Defendant(s) execute it relying wholly upon Defendant(s)'

Copy from re:SearchTX

judgment, belief and knowledge of the nature, extent, effect, and duration of the claims and the liabilities compromised and settled by this Rule 11 Settlement Agreement.

AGREED:

_____          Date: _3/28/19_____

TERRY BRADER
Defendant

_____          Date: _3/28/19_____

TERRY'S SEAWORTHY MARINE SUPPLY, LLC

_____          Date: _3/28/19_____

David Cunningham
Attorney for Defendants

_____          Date: _3/28/19_____

[  ] ELISE D. MANCHESTER
STATE BAR NUMBER 24070566
[X] CHRISTOPHER MUNDT
STATE BAR NUMBER 24091826
Attorneys for Plaintiff
Zwicker & Associates, P.C.
1 Chisholm Trail, Suite 301
Round Rock, TX 78681
(512) 218-0488
(512) 218-0477 fax
ZATXATTORNEYS@ZWICKERPC.COM

Copy from re:SearchTX

*EXHIBIT "2"*

Copy from re:SearchTX

NO. 16-0212

| | | |
|---|---|---|
| AMERICAN EXPRESS NATIONAL BANK, | § § | IN THE DISTRICT COURT |
| Plaintiff , | § § | 343RD JUDICIAL DISTRICT |
| v. | § § § | ARANSAS COUNTY, TEXAS |
| TERRY BRADER AKA TERRY G BRADER AND TERRY'S SEAWORTHY MARINE SUPPLY, LLC, Defendant(s) | § § § | |

### AGREED JUDGMENT

On this date came to be considered the above-styled and numbered cause. Plaintiff and Defendant(s) appeared by their respective counsel. Both parties announced to the Court that all matters in controversy had been compromised and settled, and requested and stipulated that the Court enter the following Judgment. The Court heard the evidence and the arguments of counsel, and is of the opinion that judgment should be entered.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Judgment shall be entered in favor of Plaintiff, AMERICAN EXPRESS NATIONAL BANK, and against Defendant(s) TERRY BRADER AKA TERRY G BRADER AND TERRY'S SEAWORTHY MARINE SUPPLY, LLC, for the following:

1.  A sum of $125,638.99 as the balance due, owing, and unpaid under the Agreement, and
2.  All costs of this proceeding.

Plaintiff shall have all writs and other process necessary to enforce this Judgment. All relief not expressly granted herein is denied. This Judgment finally disposes of all parties and all claims, and is appealable.

SIGNED this ___2___ day of ___April___, 20_19_.

_Janna Whatley_

JUDGE PRESIDING

4 day of APRIL 20 19
at 7:01 o'clock A M
FILED

Pam Heard, District Clerk
Dist Court Aransas County, Texas

By _____ Deputy

Copy from re:SearchTX

AGREED AS TO FORM AND SUBSTANCE:

_____
TERRY BRADER
Defendant

_____
TERRY'S SEAWORTHY MARINE SUPPLY, LLC
By Its
Defendant

_____
David Cunningham
State Bar Number 00787314
Attorney for Defendants

_____
[  ] ELISE D. MANCHESTER
STATE BAR NUMBER 24070566
[X] CHRISTOPHER MUNDT
STATE BAR NUMBER 24091826
[  ] LESLIE L. SUN
STATE BAR NUMBER 24088490
[  ] ERIN M. MITCHELL
STATE BAR NUMBER 24093513
Attorneys for Plaintiff
Zwicker & Associates, P.C.
1 Chisholm Trail, Suite 301
Round Rock, TX 78681
(512) 218-0488
(512) 218-0477 fax
ZATXATTORNEYS@ZWICKERPC.COM

*EXHIBIT "3"*

Copy from re:SearchTX

NO. 16-0212

| | | |
|---|---|---|
| AMERICAN EXPRESS NATIONAL BANK, | § § § | IN THE DISTRICT COURT |
| PLAINTIFF | § § | |
| V. | § § | 343RD JUDICIAL DISTRICT |
| | § § | |
| TERRY BRADER AKA TERRY G BRADER and TERRY'S SEAWORTHY MARINE SUPPLY, LLC, DEFENDANT(S) | § § | ARANSAS COUNTY, TEXAS |

## ORDER APPOINTING POST-JUDGMENT RECEIVER ROBERT E. JENKINS PURSUANT TO CPRC 31.002 (LIMITED RECEIVERSHIP)

On this day came on to be considered Judgment Plaintiff AMERICAN EXPRESS NATIONAL BANK's Application for Appointment of Receiver pursuant to Texas Civil Practice and Remedies Code Section 31.002. After reviewing the evidence and the Court's file, the Court finds that the Judgment in this case is valid, final and fully payable, but remains unsatisfied, and that Judgment Plaintiff is entitled to aid from this Court in order to reach nonexempt property of Judgment Defendant TERRY BRADER AKA TERRY G BRADER and TERRY'S SEAWORTHY MARINE SUPPLY, LLC (hereinafter referred to at times as "Judgment Defendant") to obtain satisfaction on of the Judgment. The Court further finds that a receiver should be appointed to take possession of and sell the leviable nonexempt assets of Judgment Defendant. Notwithstanding any language to the contrary, this Order does not compel turnover of the homestead, checks for current wages, or other exempt property of Judgment Defendant.

IT IS THEREFORE, ORDERED, that Robert E. Jenkins SBN 24036842 (2221 Justin Rd. #119-480, Flower Mound, TX 75028; Phone: (214) 220-2022; email: FrontDesk@CourtReceivers.com) be, and he is hereby appointed Receiver pursuant to the Texas Turnover Statute, with authority to take possession of and sell the non-exempt assets of the Judgment Defendant.

Receiver's Powers: The Receiver shall have the power and authority to take possession of all nonexempt leviable property of Judgment Defendant, including, but not limited to the following nonexempt property: (a) all financial accounts (bank accounts), certificates of deposit, and money-

269255015478

RECEIVED
By Michael Pineda at 11:15 am, May 19, 2023

Copy from re:SearchTX

market accounts held by any third party; and (b) all financial records related to such property that is in the actual or constructive possession or control of Judgment Defendant; and that all such property shall be held in *custodia legis* of said Receiver as of the date of this Order.

In addition, Plaintiff's counsel is hereby authorized to communicate with the receiver regarding the judgment in this case, Defendant, and any information that they may possess or obtain regarding Defendant and Defendant's assets.

**Additional Powers:** The Receiver shall have the following additional rights, authority, and powers with respect to the Judgment Defendant's nonexempt property, to: (a) obtain Judgment Defendant's credit information and credit reports; (b) obtain from any third party any financial records belonging to or pertaining to the Judgment Defendant; (c) certify copies of this order and (d) to negotiate and obtain installment payment agreements with Judgment Defendant, if the Receiver reasonably believes that a payment agreement is the best option to satisfy the Judgment and receiver fee, and the Receiver does not compromise any amounts awarded in the Judgment without Plaintiff's authorization.

**Receiver's Bond, Fee, and Oath:** Because this is a post-judgment receivership, no Receiver Bond is required. The Court finds that the customary and usual post-judgment turnover receiver fee is 25% of the funds recovered during the receivership, subject to a later determination as to reasonableness by the Court or Judgment Defendant's written agreement for the fee to be paid. The Receiver's fee and reasonable expenses incurred in carrying out the terms of this Order shall be taxed as costs of court against Judgment Defendant and shall be in addition to the amounts provided for in the judgment. The Receiver is further ordered to take the oath of his office.

**Receiver's Expenses:** Any costs reasonably incurred in carrying out the terms of this Order shall be taxed against the Judgment Defendant as costs of court, and shall be collected by the Receiver from the Judgment Defendant which shall be in addition to those sums and amounts provided for in the Judgment.

**Personal Property Exemptions of Judgment Debtor:** Receiver must comply with Texas Rule of Civil Procedure 679b.

269255015478

Copy from re:SearchTX

**Receiver to Hold Property:** Receiver must not disburse funds to Judgment Creditor or sell property within 14 days after serving Judgment Debtor with the Seizure Exemption Notice, the Instructions for Seizure Exemption Claim Form adopted by the Supreme Court, or within 17 days if service was by mail. If the Judgment Debtor asserts an exemption, Receiver may only disburse funds to Judgment Creditor or sell property with Judgment Debtor's written consent or a court order.

SIGNED this 17 day of May , 2023.

_____
JUDGE PRESIDING

_____
[ ]DENIA OUELLETTE
State Bar Number 24099780
[ ]KIMBERLY NEWMAN
State Bar Number 24051111
[ ]CARLY POWER
State Bar Number 24118503
**ATTORNEYS FOR PLAINTIFF**
801 E. OLD SETTLERS BLVD, STE 220
ROUND ROCK, TX 78664
ZATXATTORNEYS@ZWICKERPC.COM
(512)218-0488
(512)218-0477 (FAX)

2692550I5478

Copy from re:SearchTX

**\*\*\* CERTIFIED COPY \*\*\***

I, as the duly appointed Court Receiver, do hereby certify that the foregoing Order is a true and correct copy of the Order on file in my office in Denton County, Texas, as allowed by the form order approved by the Texas Supreme Court, Misc. Docket No. 22-9031, Tex. R. Civ. P. 679b, and/or the terms of the Order, and further authenticate the Order pursuant to Tex. R. Evid. 902.

COURT APPOINTED RECEIVER

Copy from re:SearchTX

*EXHIBIT "4"*

Copy from re:SearchTX

# HAYDEN & CUNNINGHAM, PLLC

### Attorneys At Law
7750 Broadway
San Antonio, Texas 78209
(210) 826-7750

David L. Cunningham                                        Facsimile (210) 822-0916

June 22, 2023

Robert E. Jenkins                           Via Email banks@courtreceivers.com
Jenkins Law Firm, P.C.
2221 Justin Rd. #119-480
Flower Mound, Texas 75028

Tenia Ouellette                             Via Email: zatxattorneys@zwickerpc.com
Zwicker & Associates, P.C.
801 E. Old Settlers Blvd., Ste. 220
Round Rock, Texas 78664

RE:   *Dissolve Receivership/Breach of Contract*
      *Rule 11 Settlement Agreement March 28, 2019 (Agreement)*
      *Settlement Amount:*   *$75,000.00 (no interest)*
      *Due Date:*            *March 15, 2024 (No Acceleration Clause)*
      *Our Clients:*         *Terry Brader aka Terry G. Brader and Terry's Seaworthy Marine Supply, LLC (Brader)*
      *Plaintiff:*           *American Express Bank, FSB (American Express)*

      Cause No. A-16-0212-CV-C; American Express Bank, FSB vs. Terry Brader aka Terry G. Brader and Terry's Seaworthy Marine Supply, LLC
      Our File No. 7702.0008

Dear Sir/Madam:

Please be advised that on or about March 28, 2019, Brader settled the above referenced case for $75,000.00 no interest per the signed written agreement.

To date, Brader has paid $64,592.99 toward this $75,000.00 settlement.
Pursuant to the Agreement, the final payment is not due until *March 15, 2024*.

On March 15, 2024 Brader is to pay $45,500.00 per the terms of the agreement. Attached hereto as Exhibit "A" is the Rule 11 Settlement Agreement

7702-0008 Ltr to Jenkins and Ouellette.docx

Copy from re:SearchTX

Robert E. Jenkins
Jenkins Law Firm, P.C.
Tenia Ouellette
Zwicker & Associates, P.C.
June 22, 2023
Page 2

March 15, 2024 is a nine (9) months from today.

Based on the above referenced facts and written language of the "Settlement Agreement", my clients have paid over 86 percent (86%) of the total settlement amount and still has almost a year to pay the remaining balance.

The Agreement contains no acceleration clause and specifically provides that it may not be modified except by written agreement signed by Brader. Brader has not signed an agreement allowing acceleration and American Express is in breach of contract.

Therefore, demand is made upon you to immediately release the receivership and cease and desist all actions against Brader.

If you have any questions or comments regarding this or any other matter, pleases do not hesitate to contact me. As always, I am

Very truly yours,

DAVID L. CUNNINGHAM
DLC/bm
Enclosure      (as stated)

cc:    Terry Brader
       Terry's Seaworthy Marine Supply, LLC

7702-008 Ltr to Jenkins and Ouellette.docx

Copy from re:SearchTX

*EXHIBIT "A"*

Copy from re:SearchTX

NO. 16-0212

AMERICAN EXPRESS NATIONAL BANK,

§
§
§
§
§
§
§
§
§
§

IN THE DISTRICT COURT

Plaintiff

343RD JUDICIAL DISTRICT

v.

ARANSAS COUNTY, TEXAS

TERRY BRADER AKA TERRY G BRADER AND TERRY'S SEAWORTHY MARINE SUPPLY, LLC,
Defendant(s)

## RULE 11 SETTLEMENT AGREEMENT

All parties to this lawsuit have agreed to settle on the following terms:

1. The parties wish to fully resolve any dispute between them without the necessity of proceeding further with judicial process. Therefore, the parties agree to settle this matter, pursuant to the payment terms described below. The parties will approve an Agreed Judgment in favor of Plaintiff for the full amount of Plaintiff's claim, including all court costs. Conditioned on the Defendant(s) fulfilling the payment obligations set forth below, Plaintiff agrees not to abstract the Agreed Judgment or take any post-judgment remedies. After Defendant(s) timely fulfill the payment obligations set forth below, Plaintiff will consider the Agreed Judgment satisfied and file a satisfaction of judgment with the court.

2. Defendant(s) will return a signed original of this Rule 11 Settlement Agreement and Agreed Judgment to Plaintiff's counsel at:

   ZWICKER & ASSOCIATES, P.C.
   Old Town Square
   1 Chisholm Trail, Suite 301
   Round Rock, TX 78681

3. Defendant(s) agrees to make monthly payments as described below until the total balance of $ 75,000 ⁰⁰ . Defendant(s) will pay in the form of check or money order as follows:

   - Defendant(s) shall pay Plaintiff the sum of $500.00 per month due by the first day of each month commencing on 05/15/19 for 59 months.
   - Defendant(s) shall pay Plaintiff a final payment in the amount of $ 45,500 on or before 03/15/24. There shall be no interest charged.

   In the event of default, any payments made under this Agreement shall be credited toward the Agreed Judgment.

Copy from re:SearchTX

4. All checks and money orders for payments shall be payable to American Express National Bank and sent to:

> ZWICKER & ASSOCIATES, P.C.
> Attn: Payment Processing
> 80 Minuteman Road
> Andover, Massachusetts 01810
> 1-866-367-9942

5. Time is of the essence for all payments under this Rule 11 Settlement Agreement.

6. Plaintiff will file a copy of this Rule 11 Settlement Agreement with the Court.

7. This Rule 11 Settlement Agreement constitutes the entire agreement of the parties for settlement of the indebtedness which is the basis of this lawsuit, and supersedes all prior negotiations and agreements. There are no oral agreements between the parties not set forth herein.

8. This Rule 11 Settlement Agreement may be revised or modified only by a written instrument signed by all parties, and it shall be binding upon and inure to the benefit of Plaintiff and Defendant(s), and their respective heirs, administrators, representatives, executors, successors and assigns.

9. This Rule 11 Settlement Agreement is made and entered into within the State of Texas and shall, in all respects be construed, interpreted, enforced and governed by the laws of the State of Texas.

10. The language of this Rule 11 Settlement Agreement shall, in all cases, be construed as a whole, according to its fair meaning, and not strictly for, or against, any of the parties. Should any provisions of this Rule 11 Settlement Agreement be declared, or be determined, by any court to be unenforceable or invalid, the validity of the remaining parts, terms or provisions of this Rule 11 Settlement Agreement shall not be affected and any unenforceable or invalid part, term or provision should not be deemed as a part of this Rule 11 Settlement Agreement.

11. Defendant(s) expressly represents that this Rule 11 Settlement Agreement is entered into by free will and accord, and is not subject to any representations by any representative or attorney of Plaintiff. Defendant(s) has read this Rule 11 Settlement Agreement and fully understands it. Defendant(s) further represents that the ramifications and legal consequences of this Rule 11 Settlement Agreement have been explained by Defendant(s)' counsel (or Defendant(s) waive the right and opportunity to obtain such advice by counsel), and Defendant(s) execute it relying wholly upon Defendant(s)'

judgment, belief and knowledge of the nature, extent, effect, and duration of the claims and the liabilities compromised and settled by this Rule 11 Settlement Agreement.

AGREED:

_____
TERRY BRADER
Defendant

Date: ___3/28/19___

_____
TERRY'S SEAWORTHY MARINE SUPPLY, LLC

Date: ___3/28/19___

_____
David Cunningham
Attorney for Defendants

Date: ___3/28/19___

_____
[   ] ELISE D. MANCHESTER
STATE BAR NUMBER 24070566
[   ] CHRISTOPHER MUNDT
STATE BAR NUMBER 24091826
Attorneys for Plaintiff
Zwicker & Associates, P.C.
1 Chisholm Trail, Suite 301
Round Rock, TX 78681
(512) 218-0488
(512) 218-0477 fax
ZATXATTORNEYS@ZWICKERPC.COM

Date: ___3/28/19___

**Bernice Martinez**

| | |
|---|---|
| **From:** | Bernice Martinez |
| **Sent:** | Thursday, June 22, 2023 4:35 PM |
| **To:** | banks@courtreceivers.com; zatxattorneys@zwickerpc.com |
| **Cc:** | David Cunningham |
| **Subject:** | AMERICAN EXPRESS v. BRADER, ET AL |
| **Attachments:** | 7702-008 Ltr to Jenkins and Ouellette.pdf |

Good afternoon,

Please see Mr. Cunningham's correspondence attached hereto with regard to the above referenced matter.

Thank you,

Bernice Martinez
Legal Assistant to David L. Cunningham
Hayden & Cunningham, PLLC
Attorneys at Law
7750 Broadway
San Antonio, Texas 78209
(210) 826-7750 Telephone Ext. 1004
(210) 822-0916 Facsimile

1

Copy from re:SearchTX

*EXHIBIT "5"*

Copy from re:SearchTX

# HAYDEN & CUNNINGHAM, PLLC

### Attorneys At Law

7750 Broadway
San Antonio, Texas 78209
(210) 826-7750

David L. Cunningham

Facsimile (210) 822-0916

September 12, 2023

Robert E. Jenkins
Jenkins Law Firm, P.C.
2221 Justin Rd. #119-480
Flower Mound, Texas 75028

Via Email: frontdesk@courtreceivers.com

Tenia Ouellette
Zwicker & Associates, P.C.
801 E. Old Settlers Blvd., Ste. 220
Round Rock, Texas 78664

Via Email: zatxattorneys@zwickerpc.com

RE: **Tender $8,500.00 per Rule 11 Settlement Agreement dated March 28, 2019 (Agreement)**
        **Settlement Amount:** **$75,000.00 (no interest)**
        **Due Date:**        **March 15, 2024 (No Acceleration Clause)**
        **Our clients:**     **Terry Brader aka Terry G. Brader and Terry's Seaworthy Marine**
                            **Supply, LLC (Brader)**
        **Defendant:**      **American Express Bank, FSB (American Express)**
        Our File No:    7702.0008

Dear Robert & Tenia:

Attached is a check from our trust account in the amount of $8,500.00 made payable to American Express National Bank as full and final settlement.

This check is being sent to: Zwicker & Associates, P.C., Attn: Payment Process, 80 Minuteman Rd., Andover, MA 01810, telephone number 1 (888) 636-9942. Pursuant to American Express' written response filed with the 343rd Judicial District Court of Aransas County, only $8,500.00 remaining of the total $75,000.00 settlement.

With the check being tendered to you, the $75,000.00 was paid before March 15, 2024. This complies with the March 28, 2019 Rule 11 Settlement Agreement.

Pursuant to the agreement, please sign and file a satisfaction of judgment with the court.

7702-008 Ltr6 to Jenkins and Ouellette.docx

Copy from re:SearchTX

Robert E. Jenkins
Jenkins Law Firm, P.C.
Tenia Ouellette
Zwicker & Associates, P.C.
September 12, 2023
Page 2

If you feel any funds are still owed to American Express or anyone else, then return the final settlement check to my office as these funds are tendered, in trust. Thanking you in advance for your cooperation, I am

Very truly yours,

DAVID L. CUNNINGHAM
DLC/bm
Enclosure      (as stated)

cc:    Terry Brader
       Terry's Seaworthy Marine Supply, LLC

Copy from re:SearchTX



CASH ONLY IF ALL CheckLock™ SECURITY FEATURES LISTED ON BACK INDICATE NO TAMPERING OR COPYING

**Hayden & Cunningham, PLLC**
Attorneys at Law
IOLTA Account
7750 Broadway
San Antonio, TX 78209

VANTAGE BANK
88-1527/1149

1076

9/12/2023

PAY TO THE
ORDER OF ___ American Express National Bank _____ $ **8 500 00

Eight Thousand Five Hundred and 00/100********************************************** DOLLARS

American Express National Bank

7702 0008 Brader/AMEX

⑈00⑈076⑈ ⑆⑈⑈⑈96⑈5272⑆ ⑈⑈6080⑈5946⑈

---

Hayden & Cunningham, PLLC - IOLTA Account
American Express National Bank                          9/12/2023          1076

                                   Settlement                                        8 500 00

---

Vantage Bank - IOLT    7702 0008 Brader/AMEX                                        8 500 00

Copy from re:SearchTX

Hayden & Cunningham, PLLC
Attorneys at Law
7750 Broadway
San Antonio, Texas 78209

7020 1810 0001 8933 7484



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Zwicker & Associates, P.C.
Attn: Payment Process
80 Minuteman Rd.
Andover, MA 01810

9590 9402 7468 2055 2740 13

2. Article Number (Transfer from service label)
7020 1810 0001 8933 7484

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)          C. Date of Delivery

D. Is delivery address different from Item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
  (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

Zwicker & Associates, P.C.
Attn: Payment Process
80 Minuteman Rd.
Andover, MA 01810

7020 1810 0001 8933 7484

FIRST-CLASS
US POSTAGE

Copy from re:SearchTX

**Bernice Martinez**

| | |
|---|---|
| **From:** | Bernice Martinez |
| **Sent:** | Tuesday, September 12, 2023 2:17 PM |
| **To:** | frontdesk@courtreceivers.com; Yesenia JCR; ZATXattorneys; banks@courtreceivers.com |
| **Cc:** | David Cunningham |
| **Subject:** | AMERICAN EXPRESS v. BRADER, ET AL |
| **Attachments:** | 7702-008 Ltr6 to Jenkins and Ouellette w check.pdf |

Good afternoon,

Please see Mr. Cunningham's correspondence attached hereto with regard to the above referenced matter.

Thank you,

Bernice Martinez
Legal Assistant to David L. Cunningham
Hayden & Cunningham, PLLC
Attorneys at Law
7750 Broadway
San Antonio, Texas 78209
(210) 826-7750 Telephone Ext. 1004
(210) 822-0916 Facsimile

1

Copy from re:SearchTX

*EXHIBIT "6"*

Copy from re:SearchTX

# HAYDEN & CUNNINGHAM, PLLC
## Attorneys At Law
7750 Broadway
San Antonio, Texas 78209
(210) 826-7750

David L. Cunningham

Facsimile (210) 822-0916

September 28, 2023

Robert E. Jenkins                                   Via Email: frontdesk@courtreceivers.com
Jenkins Law Firm, P.C.
2221 Justin Rd. #119-480
Flower Mound, Texas 75028

Tenia Ouellette                                     Via Email: zatxattorneys@zwickerpc.com
Zwicker & Associates, P.C.
801 E. Old Settlers Blvd., Ste. 220
Round Rock, Texas 78664

RE:   *Demand of filing of satisfactory of judgment with the court*
      *Settlement Amount:*   *$75,000.00 (no interest)*
      *Due Date:*            *March 15, 2024 (No Acceleration Clause)*
      *Our clients:*         *Terry Brader aka Terry G. Brader and Terry's Seaworthy Marine*
                             *Supply, LLC (Brader)*
      *Defendant:*           *American Express Bank, FSB (American Express)*
      Our File No:           7702.0008

Dear Robert & Tenia:

Enclosed is Exhibit "1" is Brader's tender of the $8,500.00 settlement check from Hayden &
Cunningham, PLLC made payable to American Express National Bank. This tender was made on
September 12, 2023. The tender specifically stated if American Express feels like there was
anymore than $8,500.00 owed, then they were instructed to return to me the $8,500.00 check.
American Express cashed the $8,500.00 check on September 25, 2023.

Attached hereto as Exhibit "2" is a true and correct copy of the negotiation of the check by American
Express on September 25, 2023.

Pursuant to the Rule 11 Settlement Agreement entered in this case on March 28, 2019, demand is
hereby made upon you to file a satisfaction of judgment with the court.

7702-008 Ltr7 to Jenkins and Ouellette.docx

Copy from re:SearchTX

Robert F. Jenkins
Jenkins Law Firm, P.C.
Tenia Ouellette
Zwicker & Associates, P.C.
September 28, 2023
Page 2


Please accomplish this task immediately.  Thanking you in advance for your cooperation, I am

Very truly yours,


DAVID L. CUNNINGHAM
DLC/bm
Enclosures     (as stated)


cc:     Terry Brader
        Terry's Seaworthy Marine Supply, LLC

7702-008 Ltr7 to Jenkins and Ouellette.docx

Copy from re:SearchTX

*EXHIBIT "1"*

Copy from re:SearchTX

# HAYDEN & CUNNINGHAM, PLLC

## Attorneys At Law

7750 Broadway
San Antonio, Texas 78209
(210) 826-7750

David L. Cunningham

Facsimile (210) 822-0916

September 12, 2023

Robert E. Jenkins                                   Via Email: frontdesk@courtreceivers.com
Jenkins Law Firm, P.C.
2221 Justin Rd. #119-480
Flower Mound, Texas 75028

Tenia Ouellette                                     Via Email: zatxattorneys@zwickerpc.com
Zwicker & Associates, P.C.
801 E. Old Settlers Blvd., Ste. 220
Round Rock, Texas 78664

RE:   *Tender $8,500.00 per Rule 11 Settlement Agreement dated March 28, 2019 (Agreement)*
      *Settlement Amount:*   *$75,000.00 (no interest)*
      *Due Date:*            *March 15, 2024 (No Acceleration Clause)*
      *Our clients:*         *Terry Brader aka Terry G. Brader and Terry's Seaworthy Marine*
                             *Supply, LLC (Brader)*
      *Defendant:*           *American Express Bank, FSB (American Express)*
      Our File No:           7702.0008

Dear Robert & Tenia:

Attached is a check from our trust account in the amount of $8,500.00 made payable to American Express National Bank as full and final settlement.

This check is being sent to: Zwicker & Associates, P.C., Attn: Payment Process, 80 Minuteman Rd., Andover, MA 01810, telephone number 1 (888) 636-9942. Pursuant to American Express' written response filed with the 343rd Judicial District Court of Aransas County, only $8,500.00 remaining of the total $75,000.00 settlement.

With the check being tendered to you, the $75,000.00 was paid before March 15, 2024. This complies with the March 28, 2019 Rule 11 Settlement Agreement.

Pursuant to the agreement, please sign and file a satisfaction of judgment with the court.

7702-008 Ltr6 to Jenkins and Ouellette.docx

Copy from re:SearchTX

Robert F. Jenkins
Jenkins Law Firm, P.C.
Tenia Ouellette
Zwicker & Associates, P.C.
September 12, 2023
Page 2

If you feel any funds are still owed to American Express or anyone else, then return the final settlement check to my office as these funds are tendered, in trust. Thanking you in advance for your cooperation, I am

Very truly yours,

DAVID L. CUNNINGHAM
DLC/bm
Enclosure        (as stated)

cc:        Terry Brader
           Terry's Seaworthy Marine Supply, LLC

7702-008 Ltr6 to Jenkins and Ouellette.docx

Copy from re:SearchTX



CASH ONLY IF ALL CONCATENATE SECURITY FEATURES LISTED ON BACK INDICATE NO TAMPERING OR COPYING

**Hayden & Cunningham, PLLC**
Attorneys at Law
IOLTA Account
7750 Broadway
San Antonio, TX 78209

VANTAGE BANK
88-1527/1149

1076

9/12/2023

PAY TO THE
ORDER OF     American Express National Bank

$ **8,500.00

Eight Thousand Five Hundred and 00/100 ·······················  DOLLARS

American Express National Bank

file 10     7702.0008 Brader/AMEX

⑆00⑈076⑆ ⑆⑈⑈⑈⑈652⑈2⑈ ⑆⑈080⑈59⑈6⑆

Hayden & Cunningham, PLLC - IOLTA Account
American Express National Bank                    Settlement            9 12         1076

                                                                                    8 500

Vantage Bank - IOLT     7702 0008 Brader/AMEX                                        8 500 00

Copy from re:SearchTX

Hayden & Cunningham, PLLC
Attorneys at Law
7550 Broadway
San Antonio, Texas 78209

**SENDER: COMPLETE THIS SECTION**

☐ Complete items 1, 2, and 3.
☐ Print your name and address on the reverse so that we can return the card to you.
☐ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Zwicker & Associates, P.C.
Attn: Payment Process
80 Minuteman Rd.
Andover, MA 01810

9590 9402 7468 2055 2710 13

2. Article Number (Transfer from service label)

7020 1810 0003 8933 7484

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent
  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

Zwicker & Associates, P.C.
Attn: Payment Process
80 Minuteman Rd.
Andover, MA 01810

7020 1810 0003 8933 7484

*EXHIBIT "2"*

Copy from re:SearchTX

Hayden & Cunningham, PLLC
Attorneys at Law
IOLTA Account
7750 Broadway
San Antonio, TX 78200

VANTAGE BANK
894-527-1140

1BL    1076

9/12/2023

PAY TO THE
ORDER OF    American Express National Bank                    $ **8,500.00

Eight Thousand Five Hundred and 00/100************************************************** DOLLARS

American Express National Bank

IB PROTECTED AGAINST FRAUD B

MEMO    7702 0008 Brader/AMEX

⑈"001076⑈  ⑊:114915272⑊:  ⑈ 108015946⑈

0910453498
2023-09-25

American Express Trust
824881377 2

Copy from re:SearchTX

**Bernice Martinez**

| | |
|---|---|
| From: | Bernice Martinez |
| Sent: | Thursday, September 28, 2023 4:21 PM |
| To: | ZATXattorneys; banks@courtreceivers.com; frontdesk@courtreceivers.com |
| Cc: | David Cunningham |
| Subject: | AMERICAN EXPRESS v. BRADER, ET AL |
| Attachments: | 7702-008 Ltr7 to Jenkins and Ouellette.pdf |

Good afternoon,

Please see Mr. Cunningham's correspondence attached hereto with regard to the above referenced matter.

Thank you,

Bernice Martinez
Legal Assistant to David L. Cunningham
Hayden & Cunningham, PLLC
Attorneys at Law
7750 Broadway
San Antonio, Texas 78209
(210) 826-7750 Telephone Ext. 1004
(210) 822-0916 Facsimile

1

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

David Cunningham on behalf of David Cunningham
Bar No. 00787314
dcunningham@7750law.com
Envelope ID: 88778669
Filing Code Description: Petition
Filing Description: Plaintiffs' Original Petition
Status as of 6/13/2024 3:05 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| David L.Cunningham | | dcunningham@7750law.com | 6/13/2024 2:15:13 PM | SENT |

Copy from re:SearchTX

## AFFIDAVIT OF SERVICE

State of Texas                 **County of Aransas**                 **156th District Court**

Case Number: 24-0118

Plaintiff:
**TERRY BRADER AKA TERRY G. BRADER and TERRY'S
SEAWORTHY MARINE SUPPLY, LLC**

BBW2024008160-3

vs.

Defendant:
**AMERICAN EXPRESS NATIONAL BANK**

Received by Neil Swensen on the 14th day of June, 2024 at 9:14 am to be served on **AMERICAN
EXPRESS BANK BY SERVING ITS PRESIDENT, 1108 E S Union Ave, Midvale, UT 84047**.

I, Neil Swensen, being duly sworn, depose and say that on the **19th day of June, 2024** at **10:40 am, I:**

Served an authorized agent by delivering a true copy of the **CITATION / PLAINTIFF'S ORIGINAL
PETITION / EXHIBIT 1 / EXHIBIT 2 / EXHIBIT 3 / EXHIBIT 4 / EXHIBIT A / EXHIBIT 5 / EXHIBIT 6 /
EXHIBIT 1 / EXHIBIT 2 /** with the date and hour of service endorsed thereon by me, to: **Michelle Fowler**
as **Registered Agent** at the address of: **1108 E S Union Ave, Midvale, UT 84047** on behalf of
**AMERICAN EXPRESS BANK**, and informed said person of the contents therein, in compliance with state
statutes.

I certify that I am over the age of 18, of sound mind, have no interest in the above action, and I am not a
party to the suit. I am an authorized process server, in good standing, in the jurisdiction in which this
service was made. The facts stated in this affidavit are within my personal knowledge and are true and
correct.

Subscribed and Sworn to before me on the 21
day of _____, 2024 by the affiant
who is personally known to me.

_____
NOTARY PUBLIC

**MARIA CARUSO**
Notary Public, State of Utah
Commission # 730889
My Commission Expires On
May 15, 2027

**Neil Swensen**
Process Server # 364

**Pronto Process
1406 W Salinas
San Antonio, TX 78207
(210) 226-7192**

Our Job Serial Number: BBW-2024008160
Ref: 7702.0008

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

David Cunningham on behalf of David Cunningham
Bar No. 00787314
dcunningham@7750law.com
Envelope ID: 89167767
Filing Code Description: NO FEE DOCUMENTS
Filing Description: Return of Service
Status as of 6/25/2024 1:37 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| David L.Cunningham | | dcunningham@7750law.com | 6/25/2024 1:26:41 PM | SENT |

Copy from re:SearchTX

Aransas County District Clerk

Questions 361-790-0128

districtclerk@aransascounty.org

# E-filing Service Request

❖ This document MUST be filed as a separate **LEAD** document when e-filing

Cause #_____**24-0118**_____Document to be attached:_Plaintiffs' Original Petition__

**Style of Case:**

Terry Brader aka Terry G. Brader and Terry's Seaworthy Marine Supply, LLC

vs.

American Express National Bank

Please use this form when requesting issuance of the below listed types of issuance through the e-filing system.

Abstracts, Executions & Subpoenas use additional forms

### Please select the type and quantity of issuance(s) needed:

| Type | Amt | Quantity | Type | Amt | Quantity |
|---|---|---|---|---|---|
| **Issuance fees:** | | | **Sheriff Service Fees:** | | |
| Abstract of Judgment | $8 | | Citation-Personal Service | $150 | |
| Capias/Bench Warrant | $8 | | Citation-Posting (courthouse door) | $60 | |
| Citations - ALL | $8 | 1 | Citation-Publication Newspaper:_____ | $150 | |
| Notices | $8 | | Subpoena | $150 | |
| Precept/Show Cause | $8 | | TRO/Protective Order | $125 | |
| Subpoena | $8 | | Writs | $200 | |
| TRO/Protective Order | $8 | | | | |
| Writs - ALL | $8 | | | | |
| Copies (per page) | $1 | | Citation by Certified Mail | $150 | |
| Electronic Copies Up to 10 pages Additional pages (per page) | $1 $0.10 | | Expedited Foreclosures (certified & 1st class mail for each Defendant & Occupant) | $150 + $8 | |

Note: PUBLICATION COSTS-If publication is requested thru the newspaper there will be additional cost from the newspaper for the publication

**Name of party to be served:** American Express National Bank

**Address for Service:**    By serving its President at

4315 South 2700 West, Salt Lake City, Utah 84184

Requested By:_David L. Cunningham_____Phone: _210-826-7750_____

**Please attach additional pages if there are additional parties to be served.**

**\*\*\*\*Check one of the options below for your preferred method of service\*\*\*\***

◯   County Sheriff/Constable $150 fee in addition to above issuance cost.
(Please be sure and add service fee using "Optional Services" feature when e-filing. Failure to choose the service fee may result in your filing being rejected due to lack of fee amount approval)

◯   To be held at clerk's office for pick-up

◉   Email to: _dcunningham@7750law.com___

**Electronically Filed**
**6/13/2024 2:15 PM**
**District Clerk, Pam Heard**
**Aransas County, Texas**
**By: Zach Westlake**

Copy from re:SearchTX

## Automated Certificate of eService
This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

David Cunningham on behalf of David Cunningham
Bar No. 00787314
dcunningham@7750law.com
Envelope ID: 88778669
Filing Code Description: Petition
Filing Description: Plaintiffs' Original Petition
Status as of 6/13/2024 3:05 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| David L.Cunningham | | dcunningham@7750law.com | 6/13/2024 2:15:13 PM | SENT |

Copy from re:SearchTX

CAUSE NO. 24-0118

| | | |
|---|---|---|
| **TERRY BRADER AKA TERRY G. BRADER AND TERRY'S SEAWORTHY MARINE SUPPLY, LLC,** | § § § § | **IN THE DISTRICT COURT OF** |
| *Plaintiffs,* | § § § | |
| **V.** | § § | **ARANSAS COUNTY, TEXAS** |
| **AMERICAN EXPRESS NATIONAL BANK,** | § § § | |
| *Defendant.* | § § | **156TH JUDICIAL DISTRICT** |

## <u>ENTRY OF APPEARANCE</u>

**COMES NOW** Lakshmi Achari of the law firm Shook, Hardy & Bacon L.L.P. and hereby enters an appearance as counsel of record for Defendant American Express National Bank in the above-captioned matter.

Ms. Achari requests that she receive electronic notice of all filings in the above-referenced action through the Court's electronic case filing system.  Defendant American Express National Bank requests that copies of all future correspondence, pleadings, motions and orders be sent to the following:

> Lakshmi Achari
> lachari@shb.com
> Copy to Sharon Cooksey, Legal Assistant
> scooksey@shb.com

4854-6147-7839

Copy from re:SearchTX

**Electronically Filed
7/16/2024 4:00 PM
District Clerk, Pam Heard
Aransas County, Texas
By: Jaime Blackburn**

Dated:  July 16, 2024

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By:  _/s/ Lakshmi Achari_
     Lakshmi Achari
     600 Travis, Suite 3400
     Houston, Texas 77002
     Phone:  713-227-8008
     Fax:  713-227-9508
     lachari@shb.com

*Attorney for Defendant American Express National Bank*

2

4854-6147-7839

Copy from re:SearchTX

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served by regular

mail and/or electronic transmission on July 16, 2024 to all parties of record.

David L. Cunningham
HAYDEN & CUNNINGHAM, PLLC
7750 Broadway
San Antonio, Texas 78209
dcunningham@7750law.com

***Counsel for Plaintiff Terry Brader aka Terry
G. Brader and Terry's Seaworthy Marine
Supply, LLC***

　　*/s/ Lakshmi Achari*　　　　　　
*Attorney for Defendant American Express
National Bank*

3

4854-6147-7839

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lakshmi Achari
Bar No. 24126364
Lachari@shb.com
Envelope ID: 89836771
Filing Code Description: Appearance Of Counsel
Filing Description: Entry of Appearance
Status as of 7/16/2024 4:11 PM CST

Associated Case Party: AMERICAN EXPRESS BANK

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Lakshmi Achari | | lachari@shb.com | 7/16/2024 4:00:24 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| David L.Cunningham | | dcunningham@7750law.com | 7/16/2024 4:00:24 PM | SENT |

Copy from re:SearchTX